**Robert Pena GUTIERREZ, Relator,**

v.

**Director of TDCJ–ID Gray JOHNSON, Director of TDCJ–ID Operations Wayne Scott, State Board of Classification Assistant Warden K. Moore, and Major R. Tilley, Respondents.**

**No. 01–96–01246–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 24, 1996.

Robert P. Gutierrez, Tennessee Colony, for relator.

K. Warden Moore, Tennessee Colony, Wayne Scott, Huntsville, for respondents.

Before O'CONNOR, HUTSON–DUNN and ANDELL, JJ.

**OPINION**

O'CONNOR, Justice.

Relator, Robert Pena Gutierrez, a prison inmate in the Texas Department of Criminal Justice (TDCJ), seeks mandamus to compel the prison warden to comply with the proce-

---

dural rules of the TDCJ disciplinary handbook. Relator alleges he has been illegally confined in "investigative status and/or segregation" for over 180 days without a hearing in violation of the handbook. He argues he has acquired a liberty interest in the procedural rules of the handbook because of their mandatory character, and that his due process is violated by the warden's non-compliance with the rules contained in the handbook. Relator claims the handbook states:

> If the inmate has not had a disciplinary hearing within ten (10) days, he/she shall be released from pre-hearing detention or immediately provided with a hearing pursuant to Section IV of the Administrative Segregation Plan to determine if the criteria for security detention or protective custody are meet.

> . . . .

> In the case of pre-hearing detention for the purpose of preserving the integrity of an investigation, the ten (10) day period may be extended for an additional ten (10) days if the warden certifies in writing that it is necessary to complete the investigation specifying the reason why. Only one such extension may be granted.

> . . . .

> If an inmate is placed in security detention or protective custody prior to notice and hearing he/she shall, within seventy two (72) hours of being placed in segregation, either be released from confinement or be given a written notice specifying the reasons for confinement to segregation.

> . . . .

> The inmate shall be brought before the ASC (Administrative Segregation Committee) for a hearing within ten (10) days of receipt of the written notice or placement in confinement, whichever comes first.

A petition for writ of mandamus must be accompanied by a motion for leave to file. TEX.R.APP. P. 121(a)(1). The relator must also deposit the appropriate fee when filing his motion for leave to file petition of mandamus and the petition for mandamus. TEX. R.APP. P. 13(c). If the motion for leave is granted and the petition is filed, the relator must deposit an additional sum with the clerk of the court. *Id.* The petition for mandamus shall contain an affidavit verifying the truth of all factual allegations. TEX.R.APP. P. 121(a)(2)(F). A person who is indigent may, in lieu of the TEX.R.APP. P. 13 deposit requirements, file an affidavit of inability to pay cost. TEX.R.APP. P. 13(k).

An indigent inmate affidavit of inability to pay cost must be accompanied by a separate affidavit or declaration as follows:

> (1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

> (2) describing each suit that was previously brought by: (A) stating the operative facts for which relief was sought; (B) listing the case name, cause number, and the court in which the suit was brought; (C) identifying each party named in the suit; and stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under section 13.001 or Section 14.003 or otherwise.

TEX. CIV. PRAC. & REM.CODE § 14.004(a).

■ In the case of inmates in the Texas Department of Corrections or in a county jail, the affidavit requirements may be met by substantial compliance with TEX. CIV. PRAC. & REM.CODE §§ 132.001–132.003; *Smith v. McCorkle,* 895 S.W.2d 692, 692 (Tex. 1995). Section 132.001 allows for unsworn declarations by Texas Department of Correction and county jail inmates when "a written sworn declaration, verification, certification, oath, or affidavit is required by statute or required by a rule, order, or requirement adopted as provided by law." TEX. CIV. PRAC. & REM.CODE § 132.001(a); *Smith v. McCorkle,* 895 S.W.2d at 692. The unsworn declaration must: (1) be in writing; and (2) be subscribed by the person making the decla-

ration as true under penalty of perjury. TEX. CIV. PRAC. & REM.CODE § 132.002.[1]

Here, no motion for leave to file the petition for writ of mandamus was filed with the petition for writ of mandamus in violation of TEX.R.APP. P. 121(a). No filing fee or affidavit of inability to pay cost was filed also in violation of TEX.R.APP. P. 13(c) and (k). The petition for writ of mandamus was not sworn in violation of TEX.R.APP. P. 121(a)(2)(F). Finally, no declaration of previous litigation was filed in compliance with TEX. CIV. PRAC. & REM.CODE § 14.004(a). Accordingly, we deny relator's petition for writ of mandamus.

---

**1.** The form of the declaration must be substantially as follows:

I, (insert name and inmate identifying number from Texas Department of Corrections or county jail), being presently incarcerated in (insert Texas Department of Corrections unit name or county jail name) in _____ County, Texas, declare under penalty of perjury that the foregoing is true and correct. Executed on (date).

_____
(signature)

TEX. CIV. PRAC. & REM.CODE § 133.003.