**In re Leopold Lee PEDRAZA**

**No. 13–98–444–CV.**

Court of Appeals of Texas, Corpus Christi.

Sept. 10, 1998.

---

Leopold Lee Pedraza, Beaumontle, pro se.

Neftali J. Villafranca, Victoria, for Real Parties in Interest.

Before Chief Justice SEERDEN and Justices DORSEY and CHAVEZ.

## OPINION

PER CURIAM.

Leopold Lee Pedraza petitions this Court for a writ of mandamus to compel the trial court to appoint counsel to represent him at trial.

While in prison, Pedraza filed a *pro se* lawsuit against Crossroads Security Systems and two of its employees, the real parties in interest herein, alleging negligence, false arrest and false imprisonment. After the trial court dismissed that lawsuit for want of prosecution, this Court reversed, holding that the dismissal was arbitrary and unreasonable in view of the efforts that Pedraza made to have his case heard. *See Pedraza v. Crossroads Security Systems*, 960 S.W.2d 339 (Tex. App.—Corpus Christi 1997, no writ). Nevertheless, we did not find any specific abuse of discretion by the trial court in failing either to provide Pedraza with appointed counsel or to issue a bench warrant for his attendance at trial. *Id.* at 343. Rather, we left open the possibility that the trial court might make other arrangements for Pedraza to participate by permitting him to "proceed by affidavit, deposition, telephone, or other effective means." *Id.* at 343 n. 3 (quoting *Byrd v. Attorney General*, 877 S.W.2d 566, 569 (Tex. App.—Beaumont 1994, no writ)).

By his present petition for writ of mandamus, Pedraza complains that the trial court has again placed his lawsuit on the dismissal docket and refused to either appoint counsel for him or provide him with a means to proceed with his case. We asked for a response to the present petition for writ of mandamus, but none has been filed.

Accordingly, we presume that matters stated in Pedraza's petition for mandamus are correct and that there is no valid reason for the trial court's failure to comply with the directions of our former opinion.

We therefore conditionally grant a writ of mandamus and order the trial court to appoint counsel for relator within 10 days of this order or advise this Court within that time of other means it is providing for him to participate in the trial. The writ will not issue, however, unless the trial court fails to comply with the order of this Court.