**In re Richard Owen TAYLOR.**

No. 10–00–253–CV.

Court of Appeals of Texas, Waco.

Oct. 18, 2000.

Richard Owen Taylor, Tennessee Colony, pro se.

Christopher Chance, Heart of Texas Legal Services, Waco, for real parties in interest.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

### MEMORANDUM OPINION

DAVIS, Chief Justice.

Richard Owen Taylor seeks a writ of mandamus from this Court compelling Respondent, the Honorable Joe N. Johnson, Judge of the 170th District Court of McLennan County, to act on his motion for contempt, in which he alleges that his former spouse Valerie has failed to comply with the terms of their divorce decree, and

on his application for writ of habeas corpus *ad testificandum,* by which he seeks to testify in Respondent's court on the contempt motion.

## BACKGROUND

The divorce decree designates Valerie as sole managing conservator of the parties' three children and Richard as possessory conservator. The decree contains a standard possession order which provides that each has the parental rights and duties contained in sections 153.073 and 153.076 of the Family Code including:

- the right to receive information from the other parent concerning the health, education, and welfare of the children;
- the duty to inform the other parent in a timely manner of significant information concerning the health, education, and welfare of the children;
- the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children; and
- the right of access to medical, dental, psychological, and educational records of the children.

*See* TEX.FAM.CODE ANN. § 153.073(a)(1), (2) (Vernon 1996), § 153.076(a) (Vernon Supp. 2000).

Richard filed a restricted appeal from the divorce decree which is currently pending in this Court. After he filed his appeal, he filed a motion for contempt. He alleges in this motion that he has written Valerie thirteen times since the divorce

trial, requesting information about his children. He further alleges:

> [Valerie] has refused to respond to all of them. [She] has even returned one letter without opening it. [Her] sister, Robbie Ault, who [she] lives with has wrote [sic] [Richard] and told him that [Valerie] did not want anything to do with him and if he wanted to know about the children to ask his mother.

On the same date Richard filed the contempt motion, he filed an application for writ of habeas corpus *ad testificandum* "or in the alternative, request for teleconference appearance." In this pleading, he requests that Respondent issue the writ so he can appear in court and be heard on the contempt motion or alternatively, that Respondent permit him to appear via videoconferencing. To date, Respondent has not ruled on these requests.

After Richard filed the instant mandamus proceeding, we requested a response. Valerie filed two responsive pleadings: a motion to dismiss and a response on the merits.

## MOTION TO DISMISS

■ Valerie's motion asserts that dismissal is appropriate for three reasons. First, she alleges that Richard's mandamus application is defective because: (1) "the signature block on the cover page of the document contains no signature"; (2) the application does not comply with the requirements of Rule of Appellate Procedure 9.4; (3) the cover page includes the cause number of Richard's restricted appeal from the divorce proceedings; and (4) Richard's verification is not notarized.[1]

---

1. Valerie alleges that Richard's application should be dismissed because it suffers several procedural defects. We note, however, that her motion is likewise deficient in several respects: (1) it bears the cause number of Richard's appeal rather than that of this mandamus proceeding; (2) it requests dismissal of this proceeding even though this Court has determined that the appropriate ruling is a "denial" rather than a "dismissal" when we dispose of an original proceeding for proce-

dural defects; *see In re State of Tex,* 26 S.W.3d 759, 759–60 (Tex.App.—Waco 2000, orig. proceeding); TEX.R.APP.P. 52.8(a); and (3) it does not have a certificate of conference indicating that her counsel made even "a reasonable attempt to confer" with Richard about the merits of the motion as required by Rule of Appellate Procedure 10.1(a)(5); *see* TEX.R.APP.P. 10.1(a)(5). Nonetheless, we will address the merits of her motion in the interest of justice.

■ The United States Supreme Court has instructed that we hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *accord Zuniga v. Zuniga,* 13 S.W.3d 798, 803 (Tex.App.—San Antonio 1999, no pet.); *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *Birdo v. DeBose,* 819 S.W.2d 212, 216 (Tex.App.—Waco 1991, no writ). Thus, we review such pleadings "with patience and liberality." *Barnes,* 832 S.W.2d at 426; *accord Birdo,* 819 S.W.2d at 216.

■ Richard signed his mandamus petition on page five. Therefore, it complies with Rule of Appellate Procedure 9.1. *See* Tex.R.App.P . 9.1(b). Even assuming that his petition does not wholly comply with Rule 9.4 and bears the incorrect cause number, Rule 9.4(i) provides only that we "may strike" nonconforming documents. *Id.* 9.4(i). In view of the liberal standard enunciated by the Supreme Court in *Haines,* we decline to do so.

■ Rule of Appellate Procedure 52.3 requires that petitions in original proceedings be verified. *Id.* 52.3. Valerie complains that Richard's petition does not satisfy this requirement because it is not notarized. However, section 132.001(a) of the Civil Practice and Remedies Code provides that a prison inmate may verify pleadings with an unsworn declaration, except in limited circumstances not applicable to this proceeding. *See* Tex.Civ.Prac. & Rem.Code Ann. § 132.001(a) (Vernon 1997); *Smith v. McCorkle,* 895 S.W.2d 692, 692 (Tex.1995) (orig.proceeding). Richard's unsworn declaration substantially complies with the statutory requirements. *See* Tex. Civ.Prac. & Rem.Code Ann. §§ 132.002, 132.003 (Vernon 1997); *Smith,* 895 S.W.2d at 692. Thus, his petition is properly verified.

■ Valerie next contends that this proceeding must be dismissed because Richard has failed to serve the Office of the Attorney General with a copy of his mandamus application. She contends the Attorney General's office is a real party in interest because it intervened in the underlying divorce proceedings and obtained a judgment against Richard for retroactive child support under chapter 231 of the Family Code.

■ Rule of Appellate Procedure 52.2 identifies the parties to an original proceeding as the relator, the respondent, and the real parties in interest. Tex.R.App.P. 52.2. "A person whose interest would be directly affected by the relief sought is a real party in interest and a party to the case." *Id.*

In the underlying proceeding, Richard seeks to have Valerie held in contempt of court because she allegedly has failed to comply with their divorce decree in that she has not: provided him with information regarding the health, education, and welfare of their children; consulted with him regarding their health, education and welfare; or provided him with access to the children's medical and educational records. *See* Tex.Fam.Code Ann. §§ 153.073(a)(1), (2), 153.076(a).

Even assuming Richard prevails on these allegations, affirmative findings would not "directly affect" the Attorney General's judgment for retroactive child support. *See* Tex.R.App.P. 52.2. Therefore, the Attorney General is not a real party in interest under Rule 52.2. *Id.*

■ Finally, Valerie avers that this proceeding should be dismissed as moot because Richard's forty-year prison sentence means that a decision on the merits of his application "cannot have any practical effect on the existing controversy." We disagree.

■ Concerning the mootness doctrine, our Supreme Court has said, "This court will not proceed to a determination when its judgment would be wholly ineffectual." *City of W. Univ. Place v. Martin,* 132 Tex. 354, 356, 123 S.W.2d 638, 639 (1939) (quot-

ing *Brownlow v. Schwartz*, 261 U.S. 216, 217, 43 S.Ct. 263, 264, 67 L.Ed. 620 (1923)); *University Interscholastic League v. Jones*, 715 S.W.2d 759, 761 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). "Thus, when a judgment cannot have a practical effect on an existing controversy, the case is moot." *Bonilla v. Roberson*, 918 S.W.2d 17, 20 (Tex.App.—Corpus Christi 1996 no writ); *accord Scolaro v. State ex rel. Jones*, 1 S.W.3d 749, 758 (Tex.App.—Amarillo 1999, no pet.).

 The parent-child relationship is one of constitutional dimension. *See In re J.W.T.*, 872 S.W.2d 189, 194–95 (Tex.1994) (citing *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex.1976)); *In re Verbois*, 10 S.W.3d 825, 830 (Tex.App.—Waco 2000, orig. proceeding [mand. denied] ); *accord Stanley v. Illinois*, 405 U.S. 645, 650–51, 92 S.Ct. 1208, 1212–13, 31 L.Ed.2d 551 (1972). A parent does not forfeit his parental rights merely because he is incarcerated. *See, e.g., In re D.G.*, 5 S.W.3d 769, 771–73 (Tex.App.—San Antonio 1999, no pet.) (even though father's present imprisonment and past involvement with drugs and alcohol would support finding that termination was in his children's best interest, evidence of his efforts to change his lifestyle supported jury's verdict that termination was not in children's best interest); *see also Texas Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex.1987); *In re W.A.B.*, 979 S.W.2d 804, 807 (Tex.App.—Houston [14th Dist.] 1998, pet. denied).

 For these reasons, we conclude that a parent who is incarcerated can continue to assert his parental rights to the extent reasonably possible given the limitations of his confinement. Thus, a ruling on Richard's contempt motion would not be ineffectual, and this proceeding is not moot. *Cf. Brownlow*, 261 U.S. at 217, 43 S.Ct. at 264; *Martin*, 132 Tex. at 356, 123 S.W.2d at 639; *Scolaro*, 1 S.W.3d at 758; *Bonilla*, 918 S.W.2d at 20; *Jones*, 715 S.W.2d at 761. Accordingly, we deny Valerie's motion to dismiss.

## ADDITIONAL PROCEDURAL CHALLENGES

Valerie contends in her response that we should deny Richard's mandamus application because: (1) Richard has failed to join the Attorney General as a real party in interest to this proceeding; (2) the application is procedurally defective for reasons other than those discussed above; and (3) the question presented is moot. We have already rejected the first and third of these contentions.

 Valerie contends that Richard's application is procedurally defective because: (1) he has not made a demand on Respondent to rule on the contempt motion; (2) his application is not captioned in the manner required by Rule of Appellate Procedure 52.1; (3) he has failed to file a certified or sworn copy of all documents material to his claim as required by Rule of Appellate Procedure 52.7(a)(1); (4) he has failed to pay costs or file an affidavit of indigence; and (5) he has failed to file the declaration of prior litigation required by section 14.004(a) of the Civil Practice and Remedies Code.

As previously stated, we hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines*, 404 U.S. at 520, 92 S.Ct. at 596; *accord Zuniga*, 13 S.W.3d at 803; *Barnes*, 832 S.W.2d at 426; *Birdo*, 819 S.W.2d at 216. Thus, we review such pleadings "with patience and liberality." *Barnes*, 832 S.W.2d at 426; *accord Birdo*, 819 S.W.2d at 216. For this reason, even though Richard failed to caption his application "In re Richard Owen Taylor," we decline to deny the application.

 Valerie cites *Chiles v. Schuble* for the proposition that a relator must make a demand that the respondent act before mandamus relief will be granted. 788 S.W.2d 205, 206 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding). In *Chiles*, the relator sought relief from the respon-

dent's refusal to enforce temporary support orders during the pendency of an appeal. *See id.* The Fourteenth Court overruled the relator's original motion for leave to file a mandamus petition because he had not filed a motion with the respondent to enforce the temporary orders. *Id.* Thereafter, the relator filed such a motion, which the respondent refused to set for hearing. After this refusal, the relator against sought leave to file a mandamus petition, which the appellate court granted. *Id.*

Richard has filed in the court below a motion for contempt and an application for writ of habeas corpus *ad testificandum.* Thus, he has made a demand for performance with Respondent like the relator in *Chiles* did after his original motion for leave was denied. *Id.* Thus, we conclude that Richard has made a sufficient demand of Respondent to obtain the relief sought.

■ Valerie next challenges Richard's application because he failed to attach certified or sworn copies of all documents material to his claim as required by Rule of Appellate Procedure 52.7(a)(1). *See* Tex.R.App.P. 52.7(a)(1). In view of the liberal standard employed when reviewing *pro se* pleadings, some appellate courts have considered the merits of original proceedings even though the *pro se* relators' pleadings failed to fully comply with the applicable rules governing such pleadings. *See Woods v. Alvarez,* 925 S.W.2d 119, 121 (Tex.App.—Corpus Christi, orig. proceeding), *overruled on the merits per curiam sub. nom. Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals,* 929 S.W.2d 440 (Tex.1996); *Cronen v. Smith,* 812 S.W.2d 69, 70 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding [leave denied] ); *see also Rosedale Partners, Ltd. v. 131st Judicial Dist. Ct.,* 869 S.W.2d 643, 646 (Tex.App.—San Antonio 1994, orig. proceeding) (original proceeding not involving *pro se* party). These courts have determined that, because most procedural defects in a mandamus pleading can be readily corrected and the pleading refiled,

the interest of judicial economy sometimes justifies addressing the merits of the petition as originally filed. *See Woods,* 925 S.W.2d at 121; *Cronen,* 812 S.W.2d at 70; *accord Rosedale Partners,* 869 S.W.2d at 646. In fact, the First and Thirteenth Courts of Appeals took it upon themselves to order the court reporters in *Woods* and *Cronen* to file statements of fact so the merits of the relators' petitions could be addressed. *See Woods,* 925 S.W.2d at 121; *Cronen,* 812 S.W.2d at 70.

Unlike those courts however, we already have the appellate record from the divorce proceedings before us. The clerk's record from the divorce proceeding contains Richard's contempt motion and his application for writ of habeas corpus *ad testificandum.* We take judicial notice of those documents for purposes of this original proceeding. *See Ex parte McCullough,* 993 S.W.2d 836, 838 n. 3 (Tex.App.—Waco 1999, no pet.); *J.J.T.B., Inc. v. Guerrero,* 975 S.W.2d 737, 739 (Tex.App.—Corpus Christi 1998, pet. denied); *Langdale v. Villamil,* 813 S.W.2d 187, 190 (Tex.App.—Houston [14th Dist.] 1991, no writ); Tex.R.Evid. 201(c).

■ Valerie's remaining procedural challenges rely on *Gutierrez v. Johnson,* in which the First Court of Appeals denied the relator's mandamus petition because he failed to file a motion for leave, pay the filing fee, file an affidavit of inability to pay, or file the declaration of previous litigation required by section 14.004 of the Civil Practice and Remedies Code. 934 S.W.2d 809, 811 (Tex.App.—Houston [1st Dist.] 1996, orig. proceeding). We first note that the provisions of chapter 14 of the Civil Practice and Remedies Code regarding inmate litigation apply "only to a suit brought by an inmate in a district, county, justice of the peace, or small claims court." Tex.Civ.Prac. & Rem.Code Ann. § 14.002(a) (Vernon Supp.2000). Therefore, because this is an original proceeding filed in a court of appeals, the declaration of previous litigation mandated by section 14.004 is not required.

In the underlying divorce proceeding, Richard declared his indigence in his original answer. After filing his appeal, he filed two affidavits of indigence with the district clerk in order to obtain a free record for his appeal. *See* TEX. R.APP.P. 20.1(c). We take judicial notice of these documents. *See McCullough*, 993 S.W.2d at 838 n. 3; *J.J.T.B.*, 975 S.W.2d at 739; *Langdale*, 813 S.W.2d at 190; TEX. R.EVID. 201(c). In view of these filings, Richard's current incarceration, and the liberal construction we give to *pro se* pleadings, we conclude that Richard has adequately established his indigence for purposes of this proceeding.

## THE MERITS

As previously stated, Richard seeks mandamus relief from this Court to compel Respondent to rule on his contempt motion and on his request to appear in court personally or via videoconferencing for a hearing on the motion. Valerie responds that Richard has failed to demonstrate a clear right to relief and he has an adequate remedy by appeal.

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding)); *In re Bishop*, 8 S.W.3d 412, 416 (Tex.App.—Waco 1999, orig. proceeding [mand. denied] ); *accord In re Nolo Press/ Folk Law, Inc.*, 991 S.W.2d 768, 776 (Tex. 1999) (orig.proceeding). Thus, Richard must first show that Respondent "either violated his duty or abused his discretion." *In re Yates*, 960 S.W.2d 652, 652 (Tex. 1997) (orig.proceeding).

An official violates a duty imposed by law when he fails to perform a ministerial act. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991); *In re Bailey*, 975 S.W.2d 430, 432 (Tex.App.—Waco 1998, orig. proceeding). "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act." *In re Ramirez*, 994 S.W.2d 682, 683 (Tex.App.— San Antonio 1998, orig. proceeding) (quoting *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.—San Antonio 1997, orig. proceeding)); *accord O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.—Tyler 1993, orig. proceeding); *Barnes*, 832 S.W.2d at 426; *Chiles*, 788 S.W.2d at 207; *see also Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex.1992) (orig.proceeding).

Valerie contends that Respondent has no ministerial duty to rule on Richard's contempt motion because it is "defective." However, she does not allege what makes the pleading deficient. Section 157.002 of the Family Code dictates the requisites of a motion for enforcement of a custody decree. *See* TEX.FAM.CODE ANN. § 157.002 (Vernon Supp.2000). Subdivision (a) of the statute requires such a motion to: (1) identify the provision of the order allegedly violated; (2) state the manner of noncompliance; (3) state the relief requested; and (4) be signed by the movant or his attorney. *Id.* § 157.002(a).

Richard's motion refers to the specific provisions of the decree which he alleges Valerie to have violated. He complains that she has failed to provide him any of the information required by the decree regarding the health, welfare, and education of his children despite repeated requests. He asks that Respondent hold Valerie in contempt of court for these alleged violations. He signed the motion. Thus, the motion satisfies section 157.002(a). Because the motion was properly filed, Respondent has a ministerial duty to consider the motion and rule on it. *See Ramirez*, 994 S.W.2d at 683; *O'Donniley*, 860 S.W.2d at 269; *Barnes*, 832 S.W.2d at 426; *Chiles*, 788 S.W.2d at 207; *see also Eli Lilly & Co.*, 829 S.W.2d at 158.

Richard also complains of Respondent's failure to consider and rule on his application for writ of habeas corpus *ad testificandum* or alternatively to appear via videoconferencing. By this pleading, he seeks to appear either in person or by videoconferencing to present evidence on the contempt motion.

"A prisoner in Texas has a constitutional right of access to the courts, but only a qualified right to appear personally at a civil proceeding." *Dodd v. Dodd,* 17 S.W.3d 714, 717 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *accord Ramirez,* 994 S.W.2d at 684; *Pedraza v. Crossroads Sec. Sys.,* 960 S.W.2d 339, 342 (Tex.App.—Corpus Christi 1997, no pet.); *Armstrong v. Randle,* 881 S.W.2d 53, 56 (Tex.App.—Texarkana 1994, writ denied); *Byrd v. Attorney General,* 877 S.W.2d 566, 569 (Tex.App.—Beaumont 1994, no writ) (per curiam). Texas courts have followed the lead of the federal courts in identifying pertinent factors to be considered in deciding whether an inmate should be permitted to personally appear.

These factors include: (1) the cost and inconvenience of transporting the inmate to court; (2) the security risk and danger to the court and the public by allowing the inmate to attend court; (3) whether the inmate's claims are substantial; (4) whether a determination of the matter can reasonably be delayed until the inmate is released; (5) whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise; (6) whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses; (7) whether the trial is to the court or to a jury; and (8) the inmate's probability of success on the merits. *Armstrong,* 881 S.W.2d at 57 (citing *Stone v. Morris,* 546 F.2d 730, 735–36 (7th Cir. 1976)); *accord Byrd,* 877 S.W.2d at 569; *Brewer v. Taylor,* 737 S.W.2d 421, 423 (Tex.App.—Dallas 1987, no writ). Should the trial court determine after considering these factors that the prisoner is not entitled to appear personally, then the court should permit him "to proceed by affidavit, deposition, telephone, or other effective means." *Byrd,* 877 S.W.2d at 569 (quoted in *Dodd,* 17 S.W.3d at 717; *Ramirez,* 994 S.W.2d at 684; *Pedraza,* 960 S.W.2d at 343 n. 3).

A trial court's refusal to consider and rule upon a prisoner's request to appear in a civil proceeding personally or by other means constitutes an abuse of discretion. *See Dodd,* 17 S.W.3d at 718; *Byrd,* 877 S.W.2d at 569. Because Respondent has failed to consider and rule upon Richard's application for writ of habeas corpus *ad testificandum* or alternatively to appear via videoconferencing, Respondent has abused his discretion.

### ADEQUATE LEGAL REMEDY

Richard must also show that he has no adequate legal remedy. *See Nolo Press/Folk Law,* 991 S.W.2d at 776; *Walker,* 827 S.W.2d at 839; *Bishop,* 8 S.W.3d at 416. Valerie contends that Richard has an adequate remedy available to him by habeas corpus.

In the context of contempt proceedings, mandamus is inappropriate when a judgment of contempt has been rendered because the contempt order can be reviewed by an application for a writ of habeas corpus. *See Dunn v. Street,* 938 S.W.2d 33, 35 (Tex.1997) (orig.proceeding). However, if no contempt order has been rendered, mandamus relief may be appropriate. *Id.* Because Respondent has failed to consider and rule on Richard's pleadings seeking enforcement of the decree, no order exists from which Richard can obtain habeas relief.

Respondent has continuing jurisdiction over the decree to enforce its provisions, even pending appeal. *See In re Gonzalez,* 981 S.W.2d 313, 314 (Tex.App.—San Antonio 1998, pet. denied) *Chiles,* 788

S.W.2d at 206; *Sullivan v. Sullivan,* 719 S.W.2d 239, 240 (Tex.App.—Dallas 1986, writ denied); *Bivins v. Bivins,* 709 S.W.2d 374, 376 (Tex.App.—Amarillo 1986, orig. proceeding). Richard has no other means by which to obtain enforcement of the decree. Accordingly, we conclude that he has no adequate remedy at law.

## CONCLUSION

Respondent violated a duty imposed by law when he failed to perform the ministerial act of considering and ruling on Richard's contempt motion. Respondent abused his discretion by failing to consider and rule upon Richard's application for writ of habeas corpus *ad testificandum* or alternatively to appear via videoconferencing. Richard has no adequate remedy at law. Accordingly, we conditionally grant the requested writ of mandamus. The writ will issue only if Respondent fails to advise this Court within fourteen days of the date of this opinion: (1) of his ruling on the writ application; and (2) that he has set the contempt motion for hearing.[2] *See In re Pedraza,* 978 S.W.2d 671, 672 (Tex. App.—Corpus Christi 1998, orig. proceeding) (per curiam); Tex.Fam.Code Ann. § 157.061 (Vernon 1996).

---

2. The contempt hearing need not take place within this fourteen-day period.