COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 TRAVIS
 ARRINGTON,
  
                             Appellant,
  
 v.
  
 COUNTY OF EL
 PASO, TEXAS, AND LEO SAMANIEGO, SHERIFF OF EL PASO COUNTY, TEXAS,
  
                             Appellees.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00371-CV
  
 Appeal from the
  
 346th District Court
  
 of El Paso County, Texas
  
 (TC#2002-1492)
 
 




 

MEMORANDUM
OPINION

Travis Arrington has filed two pauper=s oaths in this Court, seeking to
appeal as an indigent.  For the reasons
that follow, we will allow the interested parties to contest Arrington=s claim of indigence.  If no contest is filed, Arrington will be
allowed to proceed without advance payment of costs.

Procedural History








Arrington brought this negligence
suit against the County of El Paso and its sheriff, Leo Samaniego.  On July 21, 2003, the trial court granted the
defendants= motion to dismiss, motion for
no-evidence summary judgment, and plea to the jurisdiction.   Arrington timely filed a notice of appeal on
August 6, 2003.  See Tex. R. App. P. 26.1.  On August 22, 2003, we received Arrington=s docketing statement in an envelope
post-marked August 20, 2003.  Included
with the docketing statement was APlaintiff=s Pauper=s Oath,@ in which Arrington requested
permission to proceed without the payment of court costs.  On September 29, 2003, we received a second
pauper=s oath from Arrington.  In this document, Arrington specifically
requests that the clerk=s and reporter=s records be prepared and filed at
county expense.  Although we have received
the clerk=s record, it does not appear that
Arrington has paid for it, nor has he paid his appellate filing fee.  We have not received a reporter=s record.  The court reporter has notified this Court
that Arrington has not designated the hearings that he wants transcribed.  In his docketing statement, Arrington
responded AN/A@ to questions referring to the
reporter=s record.

Discussion

An appellant who cannot pay the costs
of an appeal must file an affidavit of indigence in the trial court with or
before the notice of appeal.  Tex. R. App. P. 20.1(c)(1).  The appellate court may grant an extension of
time to file the affidavit if the appellant files a motion for extension of
time in the appellate court within fifteen days after the deadline for filing
the affidavit.  Tex. R. App. P. 20.1(c)(3).








Pursuant to these rules, Arrington
should have filed his pauper=s oath in the trial court on or before August 6, 2003.  Failing that, he should have filed a motion
for extension of time in this Court on or before August 21, 2003.  But Arrington filed his pauper=s oaths in this Court after the
August 6, 2003 deadline, and he did not file a motion for extension of
time.  Nevertheless, for the reasons
explained below, we conclude that Arrington may be entitled to appeal as an
indigent.

First, pursuant to the Amailbox rule,@ the pauper=s oath filed in this Court on August
22, 2003 was filed within the fifteen-day grace period for seeking an extension
of time.  See Tex. R. App. P. 9.2(b)(1) (stating that
a document received within ten days after the filing deadline is considered
timely filed if it was properly addressed, stamped, and mailed on or before the
deadline).  Second, we construe that
pauper=s oath as an implied motion for
extension of time to file the affidavit of indigence.  Cf. Verburgt v. Dorner, 959 S.W.2d
615, 617 (Tex. 1997) (holding that a motion for extension of time to file a
perfecting instrument is necessarily implied when the appellant files the
perfecting instrument within the fifteen-day grace period).  Third, although the pauper=s oath was filed in this Court, we
deem it to have been filed in the trial court.  See Tex.
R. App. P. 2 (allowing this Court to suspend a rule=s operation); see also In re
Taylor, 28 S.W.3d 240, 248 (Tex. App.--Waco 2000, orig. proceeding) (taking
judicial notice in a mandamus proceeding of an affidavit of indigence filed in
the trial court for purposes of a related appeal); cf. Tex. R. App. P. 25.1(a) (providing that
if a notice of appeal is mistakenly filed with the appellate court, the notice
is deemed to have been filed on the same day with the trial court clerk).








Accordingly, we will forward a copy
of Arrington=s pauper=s oaths to the trial court clerk, the
court reporter, and the appellees.  See
Tex. R. App. P. 20.1(d).  If any of these parties wishes to challenge
Arrington=s claim of indigence, that party must
file a contest in this Court no later than ten days from the date of this
opinion.  See Tex. R. App. P. 20.1(e).  If no contest is filed, Arrington will be
allowed to proceed in this appeal without advance payment of costs.  See Tex.
R. App. P. 20.1(f).

 

SUSAN
LARSEN, Justice

October 23, 2003

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.