

IN THE
TENTH COURT OF APPEALS

No. 10-10-00048-CR

EX PARTE DAYRIN LEMOND ROBINSON

From the 40th District Court
Ellis County, Texas
Trial Court No. 23761CR

MEMORANDUM OPINION

In 1998, the trial court, sitting as a juvenile court, entered an order waiving jurisdiction of Appellant Dayrin Lemond Robinson, who was then fifteen years of age. Robinson was charged by indictment with two counts of aggravated robbery, including deadly weapon allegations, and a third count of aggravated robbery. Robinson, who was represented by counsel, entered into a plea bargain. Robinson pled guilty to robbery, was sentenced under a plea bargain to ten years' imprisonment, and the sentence was suspended with community supervision for ten years. The State agreed to delete the deadly weapon allegation and the third count.

In 2001, the State sought to have Robinson's community supervision revoked, and Robinson entered into another plea bargain, being sentenced to seven years'

imprisonment and attendance at a boot camp. As a result of Robinson's satisfactory boot-camp progress reports, the trial court issued a bench warrant to bring Robinson to court from boot camp and granted Robinson's motion for probation following completion of boot camp, placing Robinson on community supervision for seven years. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, sec. 8, 1993 Tex. Gen. Laws 3586, 3721-22 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 8 (Vernon Supp. 2009)).

In 2003, the State filed another petition to revoke, alleging Robinson's commission of the offense of aggravated assault with a deadly weapon in Dallas County,[1] but the trial court denied that petition, finding lack of diligence by the State.

Robinson filed three applications for writ of habeas corpus under article 11.07 of the Code of Criminal Procedure, and the trial court found each time that Robinson's conviction was not final because he was serving a suspended sentence and his community supervision had not been revoked. The Court of Criminal Appeals dismissed these applications.

On August 26, 2008, Robinson filed an application for writ of habeas corpus under article 11.072 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2005). The trial court denied that application on September 22, 2008. A notice of appeal was not filed.

---

[1] According to the State, Robinson is serving a forty-year sentence for this offense.

Robinson filed his second application for writ of habeas corpus under article 11.072 (and fifth application overall) on April 8, 2009.[2]  The trial court found that Robinson did not allege any facts that would overcome the procedural bar in section 9 of article 11.072, which prohibits consideration of a subsequent application.  *See id.* art. 11.072, § 9.  The trial court also found that there were no unresolved material facts and denied the application as frivolous.  Robinson, who is pro se, has appealed.

In his sole issue, Robinson asserts that the trial court erred in failing to discharge him from custody, in violation of numerous state and federal constitutional provisions and the Pledge of Allegiance, when the trial court denied the petition to revoke community supervision.[3]

We agree with the State that the trial court did not err in finding that Robinson's second application was procedurally barred by section 9 of article 11.072.  Under that provision, the trial court could not consider the merits of Robinson's second 11.072 application, or grant relief, "unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was

---

[2] Robinson's 11.072 applications focus on the juvenile court's waiver of jurisdiction, the indictment for aggravated robbery, and his original plea bargain in which he pled guilty to the lesser charge of robbery.  Robinson appears to claim that he has been illegally restrained because the juvenile court's waiver of jurisdiction and all subsequent actions thereon are void.  The juvenile court's order waiving jurisdiction is in the record.  It contains the required statutory findings and is signed by the presiding judge.  *See* TEX. FAM. CODE ANN. § 54.02 (Vernon Supp. 2009).

[3] Robinson's brief is inadequate in several respects.  *See* TEX. R. APP. P. 38.1.  Under Rule 2, we will suspend Rule 38.1's requirements and will address the 11.072 issue pertinent to the disposition of this appeal.  *See* TEX. R. APP. P. 2.  Also, we review and evaluate pro se briefs with patience and liberality.  *In re Taylor,* 28 S.W.3d 240, 246 (Tex. App.—Waco 2000, orig. proceeding).

unavailable on the date the applicant filed the previous application." *Id.* art. 11.072, § 9 (a).

In denying Robinson's second 11.072 application, the trial court found that Robinson failed to overcome section 9's procedural bar. In this appeal, Robinson does not contest this finding.

We overrule Robinson's sole issue and affirm the trial court's order.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed June 30, 2010
Do not publish
[CR25]