**Deny and Opinion Filed June 18, 2014**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-00677-CV

### IN RE LIONEL MACK, Relator

**Original Proceeding from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F1024621-X**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Bridges

Relator filed this petition for writ of mandamus asserting that the trial court abused its discretion in denying his motion for judgment nunc pro tunc to reflect credit for 88 days of jail time. In support of his petition, relator attaches correspondence from the trial court advising him that his motion for judgment nunc pro tunc was denied because according to the Dallas County Jail records his back time credit is correct and a "commitment inquiry" that shows the dates of his offenses, the date his sentence began to run and the length of his sentence. Although relator states in his petition that he was in jail for 88 days not reflected in his jail time credit, there is no evidence in the record before the Court that relator was actually in jail for the 88 days he alleges he was awaiting sentencing.

Relator's petition does not comply with the Texas Rules of Appellate Procedure. The Texas Rules of Appellate Procedure have specific requirements for the form and contents of a petition for writ of mandamus. TEX. R. APP. P. 52.3. Relator's petition is not properly certified

and his appendix is not authenticated. Under rule 52.3(j) the petition must include the statement that the person filing the petition "has reviewed the petition and concluded that every factual statement is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition does not include such a statement.

In addition, although relator does provide an appendix in support of his petition, the appendix does not comply with rule 52.3(k). Rule 52.3(k) requires that the appendix contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k). None of the documents attached to relator's petition are sworn or certified copies as required by rule 52.3(k). To be a sworn copy, documents must be attached to a proper affidavit. *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986) (per curiam). An inmate may substitute an unsworn declaration under penalty of perjury pursuant to section 132.001 of the Texas Government Code for the required affidavit. *See In re Taylor,* 28 S.W.3d 240, 245 (Tex. App.—Waco 2000, orig. proceeding) (inmate could substitute unsworn declaration for required verification of petition for writ of mandamus). Because the appendix is deficient under rule 52.3(k), the mandamus record is also deficient under rule 52.7. TEX. R. APP. P. 52.7 (relator must file a record containing "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

On appeal, as at trial, the pro se appellant must properly present its case. *Strange v. Cont'l Cas. Co.,* 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). Although the claims pleaded in pro se inmate petitions should be liberally construed, the same procedural standards apply to inmates at to other litigants. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, no writ). If a pro se litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who is

represented by counsel. *Holt v. F.F. Enterprises,* 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied). There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184-85 (Tex. 1978).

Because relator provides no evidence to support his contention that he was in jail during the 88 day period he contends was erroneously excluded from his jail time credit and because relator's petition and record are not properly authenticated, relator has failed to establish that he is entitled to relief. Accordingly, we **DENY** the petition for writ of mandamus.

140677F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE