**DENIED and Opinion Filed January 3, 2020**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-01453-CV

### IN RE REGINALD DARNELL MCDONALD, Relator

**Original Proceeding from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-72047-S, F18-71786-S, F18-57927-S & F19-12287-S**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Nowell
Opinion by Justice Nowell

Reginald Darnell McDonald has filed a petition for writ of mandamus requesting the Court compel the trial court to send forms to the Texas Department of Criminal Justice to change his sentence start date and minimum and maximum release dates to reflect back time awarded in his plea bargain agreement. We deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Under this Court's precedents, relator's certification must state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). Relator's petition contains a certification stating that he does "certify that I have read the Texas Department of Criminal Justice time sheet and that it is wrong with what was ordered in court and conclude

that every factual statement in the writ of mandamus is correct." Thus, relator's petition does not comply with rule 52.3(j). *See id.*

Furthermore, Relator has not filed a record with his petition. Rules 52.3 and 52.7 require the relator to provide a certified or sworn copy of any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *Butler*, 270 S.W.3d at 758–59.

Certified copies may be ordered from the district clerk. Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration conforming to section 132.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 132.001; *Butler*, 270 S.W.3d at 759; *In re Taylor*, 28 S.W.3d 240, 245, (Tex. App.—Waco 2000, orig. proceeding), *disapproved on other grounds by In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). The affidavit or unsworn declaration must contain direct, unequivocal statements to which perjury can be assigned and it must affirmatively show it is based on the affiant's personal knowledge. *See Butler*, 270 S.W.3d at 759. To comply with the rules, the affidavit or unsworn declaration must state, under penalty of perjury, that the affiant has personal knowledge that the copies of the documents attached are correct copies of the originals. *Id.*

Without an authenticated petition and supporting record, relator cannot establish he is entitled to mandamus relief. *See id.* at 758–59. Thus, we deny relator's petition for writ of mandamus.

/Erin A. Nowell/
_____
ERIN A. NOWELL
191453F.P05                                           JUSTICE

–2–