**DENIED and Opinion Filed January 6, 2020**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01416-CV

## IN RE REGINALD EUGENE HALL, Relator

**Original Proceeding from the County Criminal Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MA18-56155-A**

## MEMORANDUM OPINION
Before Justices Myers, Molberg, and Nowell
Opinion by Justice Molberg

Reginald Eugene Hall[1] has filed a petition for writ of mandamus requesting the Court to compel the trial court to rule upon his motion for nunc pro tunc judgment. Initially, we observe relator's petition is deficient under the rules of appellate procedure. Relator did not sign his petition for writ of mandamus. *See* TEX. R. APP. P. 9.1(b) (requiring unrepresented party to sign documents the party files). Similarly, relator did not sign the required certification. *See* TEX. R. APP. P. 52.3(j) (petition seeking mandamus relief must contain certification stating relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.").

Rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with

---

[1] Relator indicates he is also known as Michael Carter.

the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator has attached copies of documents to his petition, but the documents are not certified or sworn copies and thus not properly authenticated under the rules of appellate procedure. Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration conforming to section 132.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 132.001; *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding); *In re Taylor*, 28 S.W.3d 240, 245, (Tex. App.—Waco 2000, orig. proceeding), *disapproved on other grounds by In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). The affidavit or unsworn declaration must affirmatively show it is based on the affiant's personal knowledge. *See Butler*, 270 S.W.3d at 759. The affidavit or unsworn declaration is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them. *See id.* To comply with the rules, the affidavit or unsworn declaration must state the affiant has personal knowledge that the copies of the documents in the appendix are correct copies of the originals. *See id.*

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Without a properly authenticated appendix containing certified or sworn copies of documents, relator has not provided a sufficient record to show his entitlement to mandamus relief. *See Butler*, 270 S.W.3d at 759.

Because relator has not filed a properly signed and authenticated petition and an authenticated appendix of supporting documents, we conclude relator has not established he is entitled to mandamus relief. *See id.* at 758–59. Therefore, we deny relator's petition.

/Ken Molberg//
KEN MOLBERG
JUSTICE

191416f.p05

–2–