**DENIED and Opinion Filed January 7, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01458-CV

### IN RE ANTWON BERNARD HAMILTON, Relator

**Original Proceeding from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-080420-99**

## MEMORANDUM OPINION
Before Justices Myers, Molberg, and Nowell
Opinion by Justice Molberg

Antwon Bernard Hamilton has filed a petition for writ of mandamus complaining about the trial court's delay in responding to a document he filed styled "Leave for Discovery and Enforcement of Judgment on the State's Original Motion" which is connected to a notice the State filed in the trial court declaring an intent to destroy evidence in relator's criminal case.[1] We deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Under this Court's precedents, relator's certification must state substantially what is written in rule 52.3(j).

---

[1] According to the Court's records, relator was convicted of aggravated sexual assault with two enhancement paragraphs and received a life sentence. *See Hamilton v. State*, No. 05-02-00451-CR, 2003 WL 1734999, at *1 (Tex. App.—Dallas Apr. 2, 2003, no pet.) (not designated for publication). Although various items collected during the investigation were tested, no scientific evidence linking relator to the offense was discovered. *Id*. at *2. Relator was convicted on victim and witness testimony. *Id*. Subsequently, the Court affirmed the trial court's denial of relator's motion for post-conviction DNA testing, agreeing with counsel's *Anders* brief that the appeal was frivolous and without merit. *See Hamilton v. State*, No. 05-06-01273-CR, 2008 WL 217564, at *1 (Tex. App.—Dallas Jan. 28, 2008, no pet.) (mem. op., not designated for publication).

*See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). Relator's petition does not contain a certification and therefore does not comply with rule 52.3(j). *See id.*

Furthermore, Relator has not filed a record with his petition. Rules 52.3 and 52.7 require the relator to provide a certified or sworn copy of any order complained of, any other document showing the matter complained of, every document that is material to the relator's claim for relief that was filed in any underlying proceeding, and a transcript of any relevant testimony. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a); *Butler*, 270 S.W.3d at 758–59.

Certified copies may be ordered from the district clerk. Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration stating under penalty of perjury that the person making the affidavit or unsworn declaration has personal knowledge that the copies of the documents attached are correct copies of the originals. *See* TEX. GOV'T CODE ANN. § 132.001; *Butler*, 270 S.W.3d at 759; *In re Taylor*, 28 S.W.3d 240, 245, (Tex. App.—Waco 2000, orig. proceeding), *disapproved on other grounds by In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003).

Without an authenticated petition and supporting record, relator has not established that he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 758–59. Thus, we deny relator's petition for writ of mandamus.

/Ken Molberg//
_____
KEN MOLBERG
JUSTICE

191458f.p05