**DENIED; Opinion Filed January 24, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01463-CV

### IN RE GARY LYNN ROBINSON, Relator

**Original Proceeding from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-40452-R & F18-40453-R**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Nowell
Opinion by Justice Myers

Gary Lynn Robinson has filed a petition for writ of mandamus requesting the Court to compel the trial court to rule on relator's motion for time credit, discharge and release and to order his immediate release from confinement. We deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The Court requires relator's certification to state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). Relator's petition contains an unsworn declaration stating that he does "declare under penalty of perjury that the foregoing is true and correct." Thus, relator's petition does not comply with the certification requirement of rule 52.3(j). *See id*.

Furthermore, rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator has attached a copy of the motion and what appears to be an earlier version of the petition for writ of mandamus relator prepared but sent to the district clerk. The documents are not certified or sworn copies and thus not properly authenticated under the rules of appellate procedure. Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration conforming to section 132.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 132.001; *Butler*, 270 S.W.3d at 759; *In re Taylor*, 28 S.W.3d 240, 245, (Tex. App.—Waco 2000, orig. proceeding), *disapproved on other grounds by In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). The affidavit or unsworn declaration must affirmatively show it is based on relator's personal knowledge. *See Butler*, 270 S.W.3d at 759. The affidavit or unsworn declaration is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them. *See id*. An affidavit or unsworn declaration would comply with the rule if it stated, under penalty of perjury, that the affiant has personal knowledge that the copies of the documents in the appendix are true and correct copies of the originals. *See id*.

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Without a properly authenticated appendix containing certified or sworn copies of documents, relator has not provided a sufficient record to show his entitlement to mandamus relief. *See Butler*, 270 S.W.3d at 759.

Having concluded that mandamus relief may not be considered in the absence of a properly authenticated petition and appendix of supporting documents, we deny relator's petition. *See id.* at 758–59.


/Lana Myers/
LANA MYERS
JUSTICE


191463F.P05