**DENIED and Opinion Filed March 3, 2020**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00195-CV

## IN RE MUAMAR ASAD SAYYED, Relator

**Original Proceeding from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-82405-07**

## MEMORANDUM OPINION
Before Justices Bridges, Osborne, and Reichek
Opinion by Justice Bridges

In this original proceeding, Muamar Asad Sayyed has filed a petition for writ of mandamus requesting the Court to compel the trial court to rule on his motion for judgment nunc pro tunc requesting a correction of his time credits. We deny the petition.

To establish a right to mandamus relief, relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To show he is entitled to mandamus relief compelling the trial court to rule on a motion, relator must show (1) the trial court had a legal duty to rule on the motion because it was properly filed and timely presented, (2) relator requested a ruling on the motion,

and (3) the trial court failed or refused to rule on the motion within a reasonable period of time. *See In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.); *In re Carter*, No. 05-18-00296-CV, 2018 WL 1417409, at *1 (Tex. App.—Dallas Mar. 22, 2018, orig. proceeding) (mem. op.).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To carry his burden, relator must provide a record to the Court that supports his claim and shows he is entitled to relief. Rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Although relator has attached copies of documents to his petition, his documents are not certified or sworn copies and thus not properly authenticated under the rules of appellate procedure. To constitute a "sworn copy" within the meaning of the rules, a document must be attached to an affidavit or to an unsworn declaration conforming to section 132.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 132.001; *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding); *In re Taylor*, 28 S.W.3d 240, 245, (Tex. App.—Waco 2000,

orig. proceeding) (mem. op.), *disapproved on other grounds by In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). The affidavit or unsworn declaration must state directly and unequivocally, under penalty of perjury, that the affiant has personal knowledge that the documents attached to the affidavit or unsworn declaration are correct copies of the originals. *See Butler*, 270 S.W.3d at 759.

Without a properly authenticated appendix containing certified or sworn copies of documents, we conclude relator has not established he is entitled to mandamus relief. *See id.* Therefore, we deny relator's petition.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

200195F.P05