**DENIED and Opinion Filed May 18, 2020**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00442-CV**

**IN RE JAMES H. GENTRY, Relator**

**Original Proceeding from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 199-81623-07, 199-81624-07,**
**199-81625-07, 199-81626-07, 199-81627-07**

## MEMORANDUM OPINION NUNC PRO TUNC[1]

Before Justices Whitehill, Pedersen III, and Carlyle
Opinion by Justice Whitehill

James H. Gentry has filed a petition for writ of mandamus requesting the Court to compel the trial court to rule on his motion for order nunc pro tunc to correct the trial court's judgment. We deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."

---

[1] We issue this memorandum opinion nunc pro tunc to correct a clerical order in the style of the case reflecting it applies to relator's cases listed above and not just to cause no. 199-81623-07. The body of the opinion is unchanged.

TEX. R. APP. P. 52.3(j). The Court requires relator's certification to state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). Relator's petition contains a certification that his petition is "TRUE and CORRECT, to the best of my knowledge under the threat of perjury. . . ." Thus, relator's petition does not comply with the certification requirement of rule 52.3(j). *See id.*

Furthermore, as the party seeking relief, the relator has the burden of providing the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Relator's record must meet the requirements of appellate rule of procedure 52.3. Rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of."[2] TEX. R. APP. P. 52.3(k)(1)(A). Additionally, rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

---

[2] Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration conforming to section 132.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 132.001; *Butler*, 270 S.W.3d at 759; *In re Taylor*, 28 S.W.3d 240, 245, (Tex. App.—Waco 2000, orig. proceeding), *disapproved on other grounds by In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). The affidavit or unsworn declaration must affirmatively show it is based on relator's personal knowledge. *See Butler*, 270 S.W.3d at 759. The affidavit or unsworn declaration is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them. *See id.* An affidavit or unsworn declaration would comply with the rule if it stated, under penalty of perjury, that the affiant has personal knowledge that the copies of the documents in the appendix are true and correct copies of the originals. *See id.*

Relator has attached copies of documents to his petition, but the documents are not certified or sworn copies and thus are not properly authenticated under the rules of appellate procedure. Without a properly authenticated appendix containing certified or sworn copies of documents, relator has not met his burden. *See Butler*, 270 S.W.3d at 759.

Having concluded that relator's petition does not meet the requirements in the rules of appellate procedure for consideration of mandamus relief, we deny relator's petition. *See Butler*, 270 S.W.3d at 758–59.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

200442F.P05