In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00144-CV
______________________________


THE STATE OF TEXAS FOR THE
BEST INTEREST AND PROTECTION OF L.H.
 


                                              

On Appeal from the County Court at Law
 Hunt County, Texas
Trial Court No. M-08690


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            L.H. appeals the trial court's order authorizing administration of psychoactive medication. 
She contends that the trial court's temporary commitment order is invalid and that, therefore, the
order authorizing administration of psychoactive medication is likewise invalid.
            The trial court may enter an order authorizing the administration of psychoactive medication
if it finds by clear and convincing evidence, among other things, that the patient is under an order
for temporary or extended mental health services. See Tex. Health & Safety Code Ann.
§ 574.106(a) (Vernon Supp. 2005). L.H. expressly limited her argument to this requirement that the
patient be under an order for mental health services.
            In The State for the Best Interest and Protection of L.H., cause number 06-05-00143-CV, this
Court affirmed the trial court's commitment order, concluding that such order was supported by
legally and factually sufficient evidence. Having concluded that the trial court's commitment order
is valid, we overrule L.H.'s contention and affirm the trial court's order authorizing the administration
of psychoactive medication.




                                                                        Josh R. Morriss, III
                                                                        Chief Justice
 
Date Submitted:          January 18, 2006
Date Decided:             January 25, 2006



0; Lawrence Reginald Bell seeks a writ of mandamus directing the trial court to rule on his
motion to compel the court reporter to prepare and provide Bell with a free copy of the reporter's
record in his criminal trial. Based on the record and pleadings before us, and without hearing oral
argument, we deny the petition for writ of mandamus.
            According to his petition for writ of mandamus, Bell asked the trial court to compel the court
reporter to prepare a full statement of facts in cause number 00-15721, without charge due to Bell's
indigency.


 On or about November 9, 2003, Bell asked the trial court to rule on his motion to
compel. On or about December 10, 2003, Bell again requested the trial court to enter a ruling on his
earlier motion to compel and to inform him of the court's ruling. By January 12, 2004, Bell had
received no response from the trial court. 
When Mandamus Relief Is Available
            Mandamus will issue only when the record establishes (1) a clear abuse of discretion or the
violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. Cantu
v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992). 
Mandamus is an extraordinary remedy that will issue only if the trial court clearly abuses its
discretion or, in the absence of another statutory remedy, fails to observe a mandatory provision
conferring a right or forbidding a particular action. Abor v. Black, 695 S.W.2d 564, 567 (Tex. 1985)
(orig. proceeding). 
            Mandamus may issue even on questions of first impression if, as a matter of law, the trial
court erred in its analysis and reached an erroneous legal conclusion. Huie v. DeShazo, 922 S.W.2d
920 (Tex. 1995) (orig. proceeding).
Ruling on Motions
            A trial court is required to consider and rule on a motion within a reasonable time. Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); Kissam v.
Williamson, 545 S.W.2d 265, 266–67 (Tex. Civ. App.—Tyler 1976, orig. proceeding). When a
motion is properly filed and pending before a trial court, considering and ruling on that motion is a
ministerial act, and mandamus may issue to compel the trial court to act. Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding); see also Eli Lilly
& Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992) (holding trial court abused its discretion by
refusing to conduct hearing and render decision on motion); Chiles v. Schuble, 788 S.W.2d 205, 207
(Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (finding mandamus appropriate to require
trial court to hold hearing and exercise discretion). While we have jurisdiction to direct the trial
court to make a decision, we may not tell the court what that decision should be. O'Donniley v.
Golden, 860 S.W.2d 267, 269–70 (Tex. App.—Tyler 1993, orig. proceeding).
 
Bell's Application Is Moot
            In the case now before us, Bell asks us to order the trial court to rule on his motion to compel
the court reporter to provide Bell with a free transcript of the hearing(s) in trial court cause number
00-15721. The trial court has informed this Court that the court reporter has located and furnished
a copy of the hearing transcript to Bell. Based on this information, the objective sought by Bell
through petition for writ of mandamus from this Court has already been achieved. We deny Bell's
petition as moot.
 

                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice
 
Date Submitted:          February 9, 2004
Date Decided:             February 10, 2004