

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00111-CR

_____

IN RE MARK EUGENE ENGLE

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

In the appeal currently before us numbered 06-14-00239-CR, Mark Eugene Engle has appealed his conviction for manufacture and delivery of a controlled substance and his sentence of life imprisonment.[1] Engle, acting pro se, has now petitioned this Court for mandamus relief, asking that we direct the trial court to rule on motions Engle claims to have filed with the trial court on or about January 20, 2015, February 9, 2015, and April 20, 2015. We deny relief, because the trial court does not have jurisdiction to rule on Engle's motions.

We may grant a petition for writ of mandamus when the relator shows there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding). In proper cases, mandamus may issue to compel a trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also Eli Lily & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (trial court abuses discretion by refusing to conduct hearing and render decision on motion); *Chiles v. Schuble*, 788 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (mandamus appropriate remedy to require trial court to hold hearing and exercise discretion). A trial court is not required to consider or rule on a motion unless the motion is called to the court's attention. *See Blakeney*, 254 S.W.3d at 662. We may, where appropriate, direct a trial court to rule on a motion after a reasonable time; but this Court

---

[1]Engle's conviction and sentence occurred in Hunt County under trial court cause number 29,110.

cannot instruct the trial court how to rule. *In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding).

A fatal problem with Engle's petition for writ of mandamus is that the trial court has no jurisdiction to act on his motions. Without jurisdiction, the trial court can have no legal duty to act on the motions.

Once this Court received the clerk's record and it was filed, which occurred February 5, 2015, the trial court lost any jurisdiction over the case. *See* TEX. R. APP. P. 25.2(g) ("Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate."); *State v. Moore*, 225 S.W.3d 556, 568 (Tex. Crim. App. 2007) (trial court has jurisdiction until record is filed in appellate court); *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995).

Engle claims his first relevant motion was filed January 20, 2015, but the trial court lost any jurisdiction February 5, 2015. Relator claims his other motions were filed after February 5, 2015. Since the trial court has no jurisdiction over relator's motions, we will not direct the trial court to act on them.[2]

Relator has not established that he is entitled to a writ of mandamus.

---

[2]Engle also has been appointed counsel in his pending appeal and is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995).

We deny the requested mandamus relief.

Josh R. Morriss, III
Chief Justice

Date Submitted:     July 14, 2015
Date Decided:       July 15, 2015

Do Not Publish