**Patti Sue Sullivan CHILES, Relator,**

v.

**The Honorable Henry G. SCHUBLE, Judge, 245th Judicial District, Respondent.**

**No. B14–90–00083–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 17, 1990.

Russell H. McMains, Kimberley Hall Seger, Corpus Christi, Eugene L. Smith, Pamela E. George, Houston, for relator.

---

Oliver S. Heard, Richard R. Orsinger, San Antonio, Edward J. Murphy, Wm. Bruce Stanfill, Houston, for respondent.

Before ROBERTSON, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

■ The issue in this original proceeding is whether respondent must enforce his own temporary support orders awarded during pendency of appeal. TEX.FAM.CODE ANN. § 3.58(h) and (i) (Vernon Supp.1990). Although we believe respondent has no absolute duty to enforce his temporary support orders by contempt under any and all circumstances, we do find his refusal to entertain a show/cause hearing on the motion to enforce an abuse of his discretion. We conditionally grant the writ.

On April 7, 1988, the real party in interest, Jerry E. Chiles, filed cash in lieu of an appeal bond to appeal the decree of divorce terminating his marriage from relator. On May 4, 1988, respondent signed an order continuing temporary support for relator during the pendency of the appeal. On March 1, 1989, respondent ruled he would not enforce the temporary support orders beyond April 1, 1989. On March 9, 1989, respondent vacated the March 1, 1989, order. He ruled that "[f]urther orders will not be signed in this cause including show cause orders for enforcement unless mandated by the appellate courts."

On December 20, 1989, relator filed a motion for leave to file petition for writ of mandamus requesting this court to order respondent to vacate his March 1, 1989, and March 9, 1989, orders and to compel respondent to enforce his May 4, 1988, order granting temporary support. In an unpublished opinion we overruled the motion as premature. The opinion noted relator had not demonstrated a demand by her and a subsequent refusal by respondent to enforce the temporary support order.

Relator returned to the trial court with a "Motion to Enforce Order Granting Motion to Continue Payment of Support and Extension of Temporary Injunction During Pendency of Appeal." Respondent refused to set the motion for hearing, noting on his refusal that "3.58 of Texas Family Code use of word 'MAY' is not a mandatory requirement for enforce (sic) of order." After the refusal, relator returned to our court with another motion for leave to file petition for writ of mandamus. We granted leave and filed the petition.

The focal points of this proceeding are subsections (h) and (i) of § 3.58 that were added to the family code in 1985. Subsection (h) allows the trial court, within 30 days after perfection of appeal, to enter orders "necessary for the preservation of the property and for the protection of the parties during the pendency of the appeal...." Subsection (i) provides: "The court retains jurisdiction to enforce orders entered under Subsection (h) of this section unless the appellate court, on a proper showing, supersedes the court's orders." TEX.FAM.CODE ANN. § 3.58(h) and (i).

Before the addition of these subsections, the trial court was without jurisdiction to enforce its orders during the pendency of an appeal. *Ex parte Boniface*, 650 S.W.2d 776 (Tex.1983). After appellate jurisdiction attached, the appellate court alone was clothed with authority to enforce trial court orders. *Id.* at 777.

Relator argues the amendments mandate respondent to enforce his temporary orders as a non-discretionary act. She urges that while the granting of temporary orders within 30 days after perfection of appeal is discretionary with the trial court, once the trial court enters an order it has jurisdiction only to enforce the order, and no jurisdiction to alter, modify, or terminate such orders. Relator thus concludes respondent had no discretion to refuse to enforce his May 4, 1988, order once 30 days elapsed after perfection of appeal, and his refusal to do so is sufficient basis for us to compel him to do so by mandamus.

We, however, do not address this novel issue on the record before us. It is clear that a judge has no absolute duty to enforce his orders by contempt because there are excuses for failure to comply, i.e. im-

possibility at performance. In this case, respondent has refused to permit relator to develop a record to prove non-compliance with the prior order by the real party in interest, and to permit the real party in interest to show reasons for non-compliance. Whether respondent has a mandatory duty, after such a hearing, to enforce the order is simply not before us.

■ While we do not have mandamus power to compel respondent to reach a result that necessarily involves his discretion, we may mandamus him to hold a hearing and exercise his discretion. *See Baluch v. Miller,* 774 S.W.2d 299, 302 (Tex. App.—Dallas 1989) (orig. proceeding).

We conditionally grant the writ and order respondent to hold a hearing on relator's motion to enforce. Only if he fails to do so will mandamus issue.