

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00146-CR

IN RE:  ROBERT BOYLER

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

By way of petition for writ of mandamus, Robert Boyler,[1] an inmate in the Texas Department of Criminal Justice, D.B. Ellis Unit, asks that this Court direct the 176th Judicial District Court of Titus County, Texas, to rule on Boyler's motion for a speedy revocation hearing or "dismiss the probation as time served."

We may grant a petition for writ of mandamus when the relator shows there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding). In proper cases, mandamus may issue to compel a trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also Eli Lily & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig proceeding) (trial court abuses discretion by refusing to conduct hearing and render decision on motion); *Chiles v. Schuble*, 788 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (mandamus appropriate remedy to require trial court to hold hearing and exercise discretion). Trial courts are not required to consider or rule on a motion unless the motion is called to the court's attention. *See Blakeney*, 254 S.W.3d at 662.

Boyler's petition is not accompanied by any proof that he brought this matter to the attention of the trial court. *See* TEX. R. APP. P. 52.3(k)(1). Boyler's petition is not accompanied by a certified or sworn copy of the motion that is the subject of his complaint, as is required by the Texas rules. *See* TEX. R. APP. P. 52.3(k)(1)(A). Therefore, we are unable to determine if this

---

[1]In the documents provided, the relator's name is spelled as both "Boyler" and "Bolyer."

matter has been brought to the trial court's attention or whether the trial court has had a reasonable time in which to rule on Boyler's motion. It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Here, the record is inadequate to grant mandamus relief. Accordingly, we deny Boyler's petition for writ of mandamus.

                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:      August 28, 2014
Date Decided:        August 29, 2014

Do Not Publish