Randy Henderson #1170754
George Beto Unit
1391 FM 3328
Tennessee Colony, TX 75880

78,769-03

July 28, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 03 2015

Abel Acosta, Clerk

In the Court of Criminal Appeals
Of Texas
Austin, Texas

RE: Writ of Mandamus

Dear Honorable Acosta:
Please find enclosed my writ of mandamus and unsworn declaration. Please bring these instruments to the attention of the court.

Thank you for your time and attention to this matter.

Sincerely,

Randy Henderson 1170754
Randy Henderson, Pro se
TDCJ-CID NO. 1170754
1391 FM 3328
Tennessee Colony, TX 75880

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

CAUSE NO. _____

RANDY HENDERSON, Relator

v.

HONORABLE LEON F. PESEK, JR, JUDGE, Respondent

ON APPLICATION FOR A WRIT OF MANDAMUS
CAUSE NO. 03-F-0146-202
FROM BOWIE COUNTY, TEXAS

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, Randy Henderson, Relator in the above sytled and numbered cause, and files this Writ of Mandamus. Relator will respectfully show as follows:

I.

RELATOR

Randy Henderson, TDCJ-CID NO. 1170754, is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at: George Beto Unit, 1391 FM 3328, Tennessee Colony, Texas 75880-5000.

The act sought to be compelled is ministerial, not discretionary in nature.

II.

RESPONDENT

Respondent, Honorable Leon F. Pesek, Jr., in his capacity as District Judge of Bowie County, Texas has a ministerial duty to provide notice regarding Relator's Motion for Judgment Nunc Pro Tunc Order filed on or about Octo-

1

ber 20, 2014, regarding the errors induced in his time calculation which adds a sentence without a judicial proceeding, thus, adversely effecting his parole.

## III.
### ADEQUATE LEGAL REMEDY
Relator has "no other adequate legal remedy."

## IV.
### SENTENCE
Relator was sentence in 5 counts of his indictment on or about May 1, 2003. Count 1, an eight year sentence and count 3, 4, and 5, 15teen year sentences were to run concurrently. Count 5 of the sentence were to run consecutively with count 6, count 6 being a 20 year sentence. The total equates to a thirty-five (35) year sentence. See **Exhibit A - Relator's Judgments.**

## V.
### PAROLE
The parole board granted Relator parole on or about July 7, 2014, in counts three and four to begin counts 5 and 6. A part of the problem is that counts 3, 4, and 5 are concurrent. Therefore, the decision to grant parole should have been on the concurrent counts of 3, 4, and 5. See **Exhibit B - Notice of Parole Decision.** State Counsel for Offenders acknowledged this on or about April 20, 2011. See **Exhibit C - State Counsel for Offenders.** Nicole Habersang, Assistant District Attorney, previously acknowledged this in her Motion to Dismiss filed on or about May 21, 2003. See **Exhibit D - Motion to Dismiss.**

When the parole board granted parole in counts 3 and 4 to start 5 and 6, the 5th count was stacked to 3 and 4. Counts 3, 4 and 5 should have been together as "ceasing to operate," and 6 was to start. When this occurred, a 15teen year sentence was added.

The State Counsel for Offenders, on or about September 30, 2014, response to Relator was contrary to their April 20, 2011 response. In their September letter, they stated that Relator's count 3 and 4 "cease to operate." They then added that counts 5, 7 and 6 were to begin. See **Exhibit E.** Relator was found not guilty in court 7. See **Exhibit F - Judgment.** The State Counsel for Offenders then added that Relator's sentence begin date at February 27, 2014.

2

# VI.
## APPEAL COURT'S RESPONSE TO ORIGINAL MANDAMUS

Relator filed an original mandamus in the Sixth Court of Appeals at Texarkana, Appellate Cause Number 06-15-00034-CR, regarding the Motion for Judgment Nunc Pro Tunc Order he filed on or about October 20, 2014. The Sixth Court of Appeals denied Relator's mandamus on or about March 10, 2015, although they acknowledged, with authority, that the "trial court abuses discretion by refusing to conduct hearing and render decision on motion." See Chiles v. Schuble, 788 S.W.2d 205, 207 (Tex. App. --Houston [14th Dist.] 1990).

The Sixth Court of Appeals misapplied the law by stating "...this Court cannot instruct the trial court how to rule." See In re Shaw, 175 S.W.3d 901, 904 (Tex. App. --Texarkana 2005). Relator never sought the Sixth Court of Appeals to "instruct the trial Court how to rule." Relator merely sought the Sixth Court of Appeals to order the trial court to afford him "Due Process" regarding his Motion for Judgment Nunc Pro Tunc Order. See Exhibit G - District Clerk's file Mark of Relator's Motion for Judgment Nunc Pro Tunc Order and also, Relator's Unsworn Declaration.

WHEREFORE, PREMISES CONSIDERED, Relator, for reason shown, moves the Honorable Court to issue mandamus, ordering the trial court to afford him his due process right to be heard regarding his Motion for Judgment Nunc Pro Tunc Order.

Respectfully submitted,

Randy Henderson #1170754
Randy Henderson, Relator, Pro se

## CERTIFICATE OF SERVICE

I, Randy Henderson, do hereby certify that a true and correct copy of Relator's Petition for Writ of Mandamus has been served by United States mail addressed to:

Honorable Leon F. Pesek, Jr.
Bowie County District Judge

Randy Henderson #1170754

3

EXHIBIT A - RELATOR'S JUDGMENTS

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 202ND JUDICIAL |
| V. | § | DISTRICT COURT OF |
| RANDY HENDERSON, | § | BOWIE COUNTY, TEXAS |
| DEFENDANT | | |
| SID: TX04157703 | | |

# JUDGMENT OF CONVICTION BY JURY; SENTENCE BY JURY TO INSTITUTIONAL DIVISION, TDCJ

| | |
|---|---|
| DATE OF JUDGMENT: | May 1, 2003 |
| JUDGE PRESIDING: | Bill Peek |
| ATTORNEY FOR THE STATE: | Nicole Habersang |
| ATTORNEY FOR THE DEFENDANT: | David Lashford |
| OFFENSE: | Indecency with a Child-Exposure |
| STATUTE FOR OFFENSE: | Article 22.11, Penal Code |
| DEGREE OF OFFENSE: | Third Degree Felony |
| APPLICABLE PUNISHMENT RANGE (including enhancements, if any): | Third Degree 2-10 in prison/max $10,000 fine |
| DATE OF OFFENSE: | March 1, 2000 |
| CHARGING INSTRUMENT: | Indictment |
| PLEA TO OFFENSE: | Not Guilty |
| PLEA TO ENHANCEMENT PARAGRAPH(S): | Not Applicable |
| VERDICT FOR OFFENSE: | Guilty |
| FINDING ON ENHANCEMENT: | Not Applicable |
| AFFIRMATIVE FINDING ON DEADLY WEAPON: | Not Applicable |
| OTHER AFFIRMATIVE SPECIAL FINDINGS: | Not Applicable |
| DATE SENTENCE IMPOSED: | May 1, 2003 |
| PUNISHMENT AND PLACE OF CONFINEMENT: | 8 years in the Institutional Division-TDCJ, and a $None fine |
| TIME CREDITED TO SENTENCE: | 06-27-01 to 06-28-01 05-01-03 to Present |
| COURT COSTS: | $237.25 |
| TOTAL AMOUNT OF RESTITUTION: | $None |
| NAME AND ADDRESS FOR RESTITUTION: | |

The **Sex Offender Registration Requirements** under Chapter 62, CCP, **apply** to the Defendant. The age of the victim at the time of the offense was **10 years old**.

This sentence shall run concurrent.

On the date stated above, the above numbered and entitled cause was regularly reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney, as stated above, were also present. Thereupon both sides announced ready for trial, and the Defendant pleaded **not guilty** and a jury, to wit: **Derek Dwight**, and eleven others, was duly selected, impaneled and sworn. Having heard the evidence submitted and having been duly charged by the Court, the jury retired to consider their verdict. Afterward, being brought into open court by the proper officer, the Defendant, the Defendant's attorney, and the State's attorney being present, and being asked if the jury had agreed upon a verdict, the jury answered it had and returned to the Court a verdict, which was read aloud, received by the Court, and is now entered upon the Minutes of the Court as follows:

> **We, the jury, find the defendant, Randy Henderson, guilty of indecency with a child by exposure as charged in count one of the indictment.**

Thereupon, the Defendant having previously elected to have the punishment assessed by the jury, pleaded to the enhancement paragraphs, if any, as stated above, and the jury was called back into the box and heard evidence related to the question of punishment. Thereafter, the jury retired to consider such question and, after having deliberated, the jury was brought back into open court by the proper officer, the Defendant, the Defendant's attorney, and the State's attorney being present, and being asked if the jury had agreed upon a verdict, the jury answered it had and returned to the Court a verdict, which was read aloud, received by the Court, and is now entered upon the Minutes of the Court as follows:

> **We, the jury, having found the defendant Randy Henderson, guilty of indecency with a child by exposure as charged in count one of the indictment, assess his punishment at confinement for 8 years in the Institutional Division of the Texas Department of Criminal Justice.**

A presentence investigation report was **not required or done.**

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded to pronounce sentence upon said Defendant as stated above.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the defendant is guilty of the offense stated above, the punishment is fixed as stated above, and the State of Texas do have and recover of said defendant all court costs in this prosecution expended, for which execution will issue.

It is ORDERED by the Court that the Defendant be taken by the authorized agent of the State of Texas or by the Sheriff of this county and be safely conveyed and delivered to the **Director, Institutional Division-TDCJ**, there to be confined in the manner and for the period aforesaid, and the said defendant is hereby remanded to the custody of the Sheriff of this county until such time as the Sheriff can obey the directions of this sentence.

The defendant is given credit as stated above on this sentence for the time spent in county jail. The Defendant also is ordered to pay restitution to the person(s) named above in the amount specified above.

**Furthermore, the following special findings or orders apply:**

Special DL for Sex Offender: Pursuant to article 42.016, Code of Criminal Procedure, the court orders the Defendant to apply for an original or renewed Texas Driver's License or personal identification certificate not later than 30 days after release from confinement or upon receipt of written notice from the Texas Department of Public Safety (DPS) and to annually renew the license or certificate. In addition, DPS shall place an indication on the Defendant's driver's license or personal identification certificate that the Defendant is subject to the sex offender registration requirements. In addition, the clerk of the court shall send a copy of this order to the DPS and to the Defendant.

THIS COUNT IS TO RUN CONCURRENT WITH COUNTS 3, 4, 5 AND 6.

Signed on the ____ day of May, 2003.

_____
Judge Presiding

Randy Hendricks _____ - 03-F-0146-202
NAME                    DPS NUMBER           CAUSE NUMBER

_____    I CERTIFY THAT THE ABOVE CAPTIONED INMATE
           HAS COMMITTED NO SERIOUS ACT OR MISCONDUCT
           WHILE IN MY CUSTODY

_____    I CERTIFY THAT THE ABOVE CAPTIONED INMATE
           COMMITTED SERIOUS ACTS OF MISCONDUCT AS
           FOLLOWS:

INCIDENT                                      DATE


DATES SUBJECT HAS BEEN ARRESTED AND RELEASED ON THE
ABOVE CAUSE NUMBER IN CHRONOLOGICAL ORDER:

IN                              OUT

6-27-01                         6-28-01
5-1-03
_____
_____
_____
_____
_____


_____
TDCJ COORDINATOR
_____ COUNTY SHERIFF DEPARTMENT

THIS FORM SHOULD ACCOMPANY ALL INMATES COMMITMENT
PAPERS TRANSFERRED TO THE TEXAS DEPARTMENT OF
CRIMINAL JUSTICE INSTITUTIONAL DIVISION.

ATT: STATE READY DEPARTMENT

NO. 3F0146-202 - Count 1

This page is attached hereto and made part hereof the judgment in this cause, pursuant to

Article 38.33 of the Texas Code of Criminal Procedures.

*Randy Henderson*

NAME OF DEFENDANT (PRINTED)

*Randy O. Henderson*

SIGNATURE OF DEFENDANT

DEFENDANT'S RIGHT THUMBPRINT



Cause No. 03-F-0146-202 (COUNT THREE) **TRN 9027854769**

THE STATE OF TEXAS     §     IN THE 202ND JUDICIAL

v.     §     DISTRICT COURT OF

RANDY HENDERSON,     §     BOWIE COUNTY, TEXAS

DEFENDANT

      SID: TX04157703

# JUDGMENT OF CONVICTION BY JURY;
# SENTENCE BY JURY TO INSTITUTIONAL DIVISION, TDCJ

| | |
|---|---|
| DATE OF JUDGMENT: | May 1, 2003 |
| JUDGE PRESIDING: | Bill Peek |
| ATTORNEY FOR THE STATE: | Nicole Habersang |
| ATTORNEY FOR THE DEFENDANT: | David Lashford |
| OFFENSE: | Indecency with a Child-Sexual Contact |
| STATUTE FOR OFFENSE: | Article 22.11, Penal Code |
| DEGREE OF OFFENSE: | Second Degree Felony |
| APPLICABLE PUNISHMENT RANGE (including enhancements, if any): | Second Degree 2-20 in prison/max $10,000 fine |
| DATE OF OFFENSE: | June 1, 2000 |
| CHARGING INSTRUMENT: | Indictment |
| PLEA TO OFFENSE: | Not Guilty |
| PLEA TO ENHANCEMENT PARAGRAPH(S): | Not Applicable |
| VERDICT FOR OFFENSE: | Guilty |
| FINDING ON ENHANCEMENT: | Not Applicable |
| AFFIRMATIVE FINDING ON DEADLY WEAPON: | Not Applicable |
| OTHER AFFIRMATIVE SPECIAL FINDINGS: | Not Applicable |
| DATE SENTENCE IMPOSED: | May 1, 2003 |
| PUNISHMENT AND PLACE OF CONFINEMENT: | 15 years in the Institutional Division-TDCJ, and a $None fine |
| TIME CREDITED TO SENTENCE: | 06-27-01 to 06-28-01 05-01-03 to Present |
| COURT COSTS: | $237.25 |
| TOTAL AMOUNT OF RESTITUTION: | $None |
| NAME AND ADDRESS FOR RESTITUTION: | |

The **Sex Offender Registration Requirements** under Chapter 62, CCP, **apply** to the Defendant. The age of the victim at the time of the offense was **10 years old**.

This sentence shall run concurrent.

On the date stated above, the above numbered and entitled cause was regularly reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney, as stated above, were also present. Thereupon both sides announced ready for trial, and the Defendant pleaded **not guilty** and a jury, to wit: **Derek Dwight**, and eleven others, was duly selected, impaneled and sworn. Having heard the evidence submitted and having been duly charged by the Court, the jury retired to consider their verdict. Afterward, being brought into open court by the proper officer, the Defendant, the Defendant's attorney, and the State's attorney being present, and being asked if the jury had agreed upon a verdict, the jury answered it had and returned to the Court a verdict, which was read aloud, received by the Court, and is now entered upon the Minutes of the Court as follows:

> **We, the jury, find the defendant, Randy Henderson, guilty of indecency with a child by sexual contact as charged in count three of the indictment.**

Thereupon, the Defendant having previously elected to have the punishment assessed by the jury, pleaded to the enhancement paragraphs, if any, as stated above, and the jury was called back into the box and heard evidence related to the question of punishment. Thereafter, the jury retired to consider such question and, after having deliberated, the jury was brought back into open court by the proper officer, the Defendant, the Defendant's attorney, and the State's attorney being present, and being asked if the jury had agreed upon a verdict, the jury answered it had and returned to the Court a verdict, which was read aloud, received by the Court, and is now entered upon the Minutes of the Court as follows:

> **We, the jury, having found the defendant Randy Henderson, guilty of indecency with a child by sexual contact as charged in count three of the indictment, assess his punishment at confinement for 15 years in the Institutional Division of the Texas Department of Criminal Justice.**

A presentence investigation report was **not required or done.**

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded to pronounce sentence upon said Defendant as stated above.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the defendant is guilty of the offense stated above, the punishment is fixed as stated above, and the State of Texas do have and recover of said defendant all court costs in this prosecution expended, for which execution will issue.

It is ORDERED by the Court that the Defendant be taken by the authorized agent of the State of Texas or by the Sheriff of this county and be safely conveyed and delivered to the **Director, Institutional Division-TDCJ**, there to be confined in the manner and for the period aforesaid, and the said defendant is hereby remanded to the custody of the Sheriff of this county until such time as the Sheriff can obey the directions of this sentence.

The defendant is given credit as stated above on this sentence for the time spent in county jail. The Defendant also is ordered to pay restitution to the person(s) named above in the amount specified above.

**Furthermore, the following special findings or orders apply:**

Special DL for Sex Offender: Pursuant to article 42.016, Code of Criminal Procedure, the court orders the Defendant to apply for an original or renewed Texas Driver's License or personal identification certificate not later than 30 days after release from confinement or upon receipt of written notice from the Texas Department of Public Safety (DPS) and to annually renew the license or certificate. In addition, DPS shall place an indication on the Defendant's driver's license or personal identification certificate that the Defendant is subject to the sex offender registration requirements. In addition, the clerk of the court shall send a copy of this order to the DPS and to the Defendant.

THIS COUNT IS TO RUN CONCURRENT WITH COUNTS 1, 4, 5 AND 6.

Signed on the ___16th___ day of May, 2003.

_____
Judge Presiding

Randy Henderson
NAME            DPS NUMBER       03-F-0146-202
                                                            CAUSE NUMBER

_____ I CERTIFY THAT THE ABOVE CAPTIONED INMATE
HAS COMMITTED NO SERIOUS ACT OR MISCONDUCT
WHILE IN MY CUSTODY

_____ I CERTIFY THAT THE ABOVE CAPTIONED INMATE
COMMITTED SERIOUS ACTS OF MISCONDUCT AS
FOLLOWS:

INCIDENT                                           DATE

DATES SUBJECT HAS BEEN ARRESTED AND RELEASED ON THE
ABOVE CAUSE NUMBER IN CHRONOLOGICAL ORDER:

IN                                         OUT

6-27-01                                   6-28-01
5-1-03

_____
TDCJ COORDINATOR
_____ COUNTY SHERIFF DEPARTMENT

THIS FORM SHOULD ACCOMPANY ALL INMATES COMMITMENT
PAPERS TRANSFERRED TO THE TEXAS DEPARTMENT OF
CRIMINAL JUSTICE INSTITUTIONAL DIVISION.

ATT: STATE READY DEPARTMENT

NO. <u>03 F 146-202</u>   Count #3

This page is attached hereto and made part hereof the judgment in this cause, pursuant to

Article 38.33 of the Texas Code of Criminal Procedures.

<u>Randy Henderson</u>
NAME OF DEFENDANT (PRINTED)

<u>Randy D. Henderson</u>
SIGNATURE OF DEFENDANT

DEFENDANT'S RIGHT THUMBPRINT



Cause No. 03-F-0146-202 (COUNT FOUR) **TRN 9027854769**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 202ND JUDICIAL |
| V. | § | DISTRICT COURT OF |
| RANDY HENDERSON, | § | BOWIE COUNTY, TEXAS |
| DEFENDANT | | |
| SID: TX04157703 | | |

# JUDGMENT OF CONVICTION BY JURY;
# SENTENCE BY JURY TO INSTITUTIONAL DIVISION, TDCJ

| | |
|---|---|
| DATE OF JUDGMENT: | May 1, 2003 |
| JUDGE PRESIDING: | Bill Peek |
| ATTORNEY FOR THE STATE: | Nicole Habersang |
| ATTORNEY FOR THE DEFENDANT: | David Lashford |
| OFFENSE: | Indecency with a Child-Sexual Contact |
| STATUTE FOR OFFENSE: | Article 22.11, Penal Code |
| DEGREE OF OFFENSE: | Second Degree Felony |
| APPLICABLE PUNISHMENT RANGE (including enhancements, if any): | Second Degree 2-20 in prison/max $10,000 fine |
| DATE OF OFFENSE: | October 1, 2000 |
| CHARGING INSTRUMENT: | Indictment |
| PLEA TO OFFENSE: | Not Guilty |
| PLEA TO ENHANCEMENT PARAGRAPH(S): | Not Applicable |
| VERDICT FOR OFFENSE: | Guilty |
| FINDING ON ENHANCEMENT: | Not Applicable |
| AFFIRMATIVE FINDING ON DEADLY WEAPON: | Not Applicable |
| OTHER AFFIRMATIVE SPECIAL FINDINGS: | Not Applicable |
| DATE SENTENCE IMPOSED: | May 1, 2003 |
| PUNISHMENT AND PLACE OF CONFINEMENT: | 15 years in the Institutional Division-TDCJ, and a $None fine |
| TIME CREDITED TO SENTENCE: | 06-27-01 to 06-28-01 05-01-03 to Present |
| COURT COSTS: | $237.25 |
| TOTAL AMOUNT OF RESTITUTION: | $None |
| NAME AND ADDRESS FOR RESTITUTION: | |

The **Sex Offender Registration Requirements** under Chapter 62, CCP, **apply** to the Defendant. The age of the victim at the time of the offense was **10 years old**.

This sentence shall run concurrent.

On the date stated above, the above numbered and entitled cause was regularly reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney, as stated above, were also present. Thereupon both sides announced ready for trial, and the Defendant pleaded **not guilty** and a jury, to wit: **Derek Dwight**, and eleven others, was duly selected, impaneled and sworn. Having heard the evidence submitted and having been duly charged by the Court, the jury retired to consider their verdict. Afterward, being brought into open court by the proper officer, the Defendant, the Defendant's attorney, and the State's attorney being present, and being asked if the jury had agreed upon a verdict, the jury answered it had and returned to the Court a verdict, which was read aloud, received by the Court, and is now entered upon the Minutes of the Court as follows:

> **We, the jury, find the defendant, Randy Henderson, guilty of indecency with a child by sexual contact as charged in count four of the indictment.**

Thereupon, the Defendant having previously elected to have the punishment assessed by the jury, pleaded to the enhancement paragraphs, if any, as stated above, and the jury was called back into the box and heard evidence related to the question of punishment. Thereafter, the jury retired to consider such question and, after having deliberated, the jury was brought back into open court by the proper officer, the Defendant, the Defendant's attorney, and the State's attorney being present, and being asked if the jury had agreed upon a verdict, the jury answered it had and returned to the Court a verdict, which was read aloud, received by the Court, and is now entered upon the Minutes of the Court as follows:

> **We, the jury, having found the defendant Randy Henderson, guilty of indecency with a child by sexual contact as charged in count four of the indictment, assess his punishment at confinement for 15 years in the Institutional Division of the Texas Department of Criminal Justice.**

A presentence investigation report **was not required or done.**

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded to pronounce sentence upon said Defendant as stated above.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the defendant is guilty of the offense stated above, the punishment is fixed as stated above, and the State of Texas do have and recover of said defendant all court costs in this prosecution expended, for which execution will issue.

It is ORDERED by the Court that the Defendant be taken by the authorized agent of the State of Texas or by the Sheriff of this county and be safely conveyed and delivered to the **Director, Institutional Division-TDCJ**, there to be confined in the manner and for the period aforesaid, and the said defendant is hereby remanded to the custody of the Sheriff of this county until such time as the Sheriff can obey the directions of this sentence.

The defendant is given credit as stated above on this sentence for the time spent in county jail. The Defendant also is ordered to pay restitution to the person(s) named above in the amount specified above.

**Furthermore, the following special findings or orders apply:**

Special DL for Sex Offender: Pursuant to article 42.016, Code of Criminal Procedure, the court orders the Defendant to apply for an original or renewed Texas Driver's License or personal identification certificate not later than 30 days after release from confinement or upon receipt of written notice from the Texas Department of Public Safety (DPS) and to annually renew the license or certificate. In addition, DPS shall place an indication on the Defendant's driver's license or personal identification certificate that the Defendant is subject to the sex offender registration requirements. In addition, the clerk of the court shall send a copy of this order to the DPS and to the Defendant.

THIS COUNT IS TO RUN CONCURRENT WITH COUNTS 1, 3, 5 AND 6.

Signed on the __16th__ day of May, 2003.

_____
Judge Presiding

Randy Henderson                       03-F-0146-202
NAME                DPS NUMBER       CAUSE NUMBER

_____ I CERTIFY THAT THE ABOVE CAPTIONED INMATE
HAS COMMITTED NO SERIOUS ACT OR MISCONDUCT
WHILE IN MY CUSTODY

_____ I CERTIFY THAT THE ABOVE CAPTIONED INMATE
COMMITTED SERIOUS ACTS OF MISCONDUCT AS
FOLLOWS:

INCIDENT                                   DATE

DATES SUBJECT HAS BEEN ARRESTED AND RELEASED ON THE
ABOVE CAUSE NUMBER IN CHRONOLOGICAL ORDER:

IN                              OUT

6-27-01                          6-28-01
5-1-03

TDCJ COORDINATOR
_____ COUNTY SHERIFF DEPARTMENT

THIS FORM SHOULD ACCOMPANY ALL INMATES COMMITMENT
PAPERS TRANSFERRED TO THE TEXAS DEPARTMENT OF
CRIMINAL JUSTICE INSTITUTIONAL DIVISION.

ATT: STATE READY DEPARTMENT

NO. 03F0146-207 Count #4

This page is attached hereto and made part hereof the judgment in this cause, pursuant to

Article 38.33 of the Texas Code of Criminal Procedures.

*Randy Henderson*
NAME OF DEFENDANT (PRINTED)

SIGNATURE OF DEFENDANT

DEFENDANT'S RIGHT THUMBPRINT



Cause No. 03-F-0146-202 (COUNT FIVE) TRN 9027854769

THE STATE OF TEXAS          §     IN THE 202ND JUDICIAL
V.                          §     DISTRICT COURT OF
RANDY HENDERSON,            §     BOWIE COUNTY, TEXAS
DEFENDANT
    SID: TX04157703

# JUDGMENT OF CONVICTION BY JURY; SENTENCE BY JURY TO INSTITUTIONAL DIVISION, TDCJ

| | |
|---|---|
| DATE OF JUDGMENT: | May 1, 2003 |
| JUDGE PRESIDING: | Bill Peek |
| ATTORNEY FOR THE STATE: | Nicole Habersang |
| ATTORNEY FOR THE DEFENDANT: | David Lashford |
| OFFENSE: | Indecency with a Child-Sexual Contact |
| STATUTE FOR OFFENSE: | Article 22.11, Penal Code |
| DEGREE OF OFFENSE: | Second Degree Felony |
| APPLICABLE PUNISHMENT RANGE (including enhancements, if any): | Second Degree 2-20 in prison/max $10,000 fine |
| DATE OF OFFENSE: | December 20, 2000 |
| CHARGING INSTRUMENT: | Indictment |
| PLEA TO OFFENSE: | Not Guilty |
| PLEA TO ENHANCEMENT PARAGRAPH(S): | Not Applicable |
| VERDICT FOR OFFENSE: | Guilty |
| FINDING ON ENHANCEMENT: | Not Applicable |
| AFFIRMATIVE FINDING ON DEADLY WEAPON: | Not Applicable |
| OTHER AFFIRMATIVE SPECIAL FINDINGS: | Not Applicable |
| DATE SENTENCE IMPOSED: | May 1, 2003 |
| PUNISHMENT AND PLACE OF CONFINEMENT: | 15 years in the Institutional Division-TDCJ, and a $None fine |
| TIME CREDITED TO SENTENCE: | 06-27-01 to 06-28-01 05-01-03 to Present |
| COURT COSTS: | $237.25 |
| TOTAL AMOUNT OF RESTITUTION: | $None |
| NAME AND ADDRESS FOR RESTITUTION: | |

The **Sex Offender Registration Requirements** under Chapter 62, CCP, **apply** to the Defendant. The age of the victim at the time of the offense was **10 years old**.

This sentence shall run concurrent.

On the date stated above, the above numbered and entitled cause was regularly reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney, as stated above, were also present. Thereupon both sides announced ready for trial, and the Defendant pleaded **not guilty** and a jury, to wit: **Derek Dwight,** and eleven others, was duly selected, impaneled and sworn. Having heard the evidence submitted and having been duly charged by the Court, the jury retired to consider their verdict. Afterward, being brought into open court by the proper officer, the Defendant, the Defendant's attorney, and the State's attorney being present, and being asked if the jury had agreed upon a verdict, the jury answered it had and returned to the Court a verdict, which was read aloud, received by the Court, and is now entered upon the Minutes of the Court as follows:

**We, the jury, find the defendant, Randy Henderson, guilty of indecency with a child by sexual contact as charged in count five of the indictment.**

Thereupon, the Defendant having previously elected to have the punishment assessed by the jury, pleaded to the enhancement paragraphs, if any, as stated above, and the jury was called back into the box and heard evidence related to the question of punishment. Thereafter, the jury retired to consider such question and, after having deliberated, the jury was brought back into open court by the proper officer, the Defendant, the Defendant's attorney, and the State's attorney being present, and being asked if the jury had agreed upon a verdict, the jury answered it had and returned to the Court a verdict, which was read aloud, received by the Court, and is now entered upon the Minutes of the Court as follows:

**We, the jury, having found the defendant Randy Henderson, guilty of indecency with a child by sexual contact as charged in count five of the indictment, assess his punishment at confinement for 15 years in the Institutional Division of the Texas Department of Criminal Justice.**

A presentence investigation report **was not required or done.**

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded to pronounce sentence upon said Defendant as stated above.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the defendant is guilty of the offense stated above, the punishment is fixed as stated above, and the State of Texas do have and recover of said defendant all court costs in this prosecution expended, for which execution will issue.

It is ORDERED by the Court that the Defendant be taken by the authorized agent of the State of Texas or by the Sheriff of this county and be safely conveyed and delivered to the Director, Institutional Division-TDCJ, there to be confined in the manner and for the period aforesaid, and the said defendant is hereby remanded to the custody of the Sheriff of this county until such time as the Sheriff can obey the directions of this sentence.

The defendant is given credit as stated above on this sentence for the time spent in county jail. The Defendant also is ordered to pay restitution to the person(s) named above in the amount specified above.

**Furthermore, the following special findings or orders apply:**

Special DL for Sex Offender: Pursuant to article 42.016, Code of Criminal Procedure, the court orders the Defendant to apply for an original or renewed Texas Driver's License or personal identification certificate not later than 30 days after release from confinement or upon receipt of written notice from the Texas Department of Public Safety (DPS) and to annually renew the license or certificate. In addition, DPS shall place an indication on the Defendant's driver's license or personal identification certificate that the Defendant is subject to the sex offender registration requirements. In addition, the clerk of the court shall send a copy of this order to the DPS and to the Defendant.

Cumulation Order (Art. 42.01, Sec 1(19) CCP): The court orders that the sentence in this conviction shall run consecutively and shall begin only when the judgment and sentence in Count 6 has ceased to operate.

THIS COUNT IS TO RUN CONSECUTIVE WITH COUNT 6 AND IS TO RUN CONCURRENT WITH COUNTS 1, 3, and 4.

Signed on the ____ day of May, 2003.

_____
Judge Presiding

Kandy Nenderuor _____ 02-5-0148 ২০২
NAME                    DPS NUMBER        CAUSE NUMBER

_____. I CERTIFY THAT THE ABOVE CAPTIONED INMATE
HAS COMMITTED NO SERIOUS ACT OR MISCONDUCT
WHILE IN MY CUSTODY

_____. I CERTIFY THAT THE ABOVE CAPTIONED INMATE
COMMITTED SERIOUS ACTS OF MISCONDUCT AS
FOLLOWS:

<u>INCIDENT</u>                              <u>DATE</u>

DATES SUBJECT HAS BEEN ARRESTED AND RELEASED ON THE
ABOVE CAUSE NUMBER IN CHRONOLOGICAL ORDER:

<u>IN</u>                          <u>OUT</u>

6-27-01                     6-28-01
5-1-03

_____
TDCJ COORDINATOR
_____ COUNTY SHERIFF DEPARTMENT

THIS FORM SHOULD ACCOMPANY ALL INMATES COMMITMENT
PAPERS TRANSFERRED TO THE TEXAS DEPARTMENT OF
CRIMINAL JUSTICE INSTITUTIONAL DIVISION.

ATT: STATE READY DEPARTMENT

NO. 03F0146-202 · Count 5

This page is attached hereto and made part hereof the judgment in this cause, pursuant to

Article 38.33 of the Texas Code of Criminal Procedures.

*Randy Henderson*
NAME OF DEFENDANT (PRINTED)

SIGNATURE OF DEFENDANT

DEFENDANT'S RIGHT THUMBPRINT



THE STATE OF TEXAS      §      IN THE 202ND JUDICIAL
v.                      §      DISTRICT COURT OF
RANDY HENDERSON,        §      BOWIE COUNTY, TEXAS
DEFENDANT
    SID: TX04157703

# JUDGMENT OF CONVICTION BY JURY; SENTENCE BY JURY TO INSTITUTIONAL DIVISION, TDCJ

|  |  |
|---|---|
| DATE OF JUDGMENT: | May 1, 2003 |
| JUDGE PRESIDING: | Bill Peek |
| ATTORNEY FOR THE STATE: | Nicole Habersang |
| ATTORNEY FOR THE DEFENDANT: | David Lashford |
| OFFENSE: | Indecency with a Child-Sexual Contact |
| STATUTE FOR OFFENSE: | Article 22.11, Penal Code |
| DEGREE OF OFFENSE: | Second Degree Felony |
| APPLICABLE PUNISHMENT RANGE (including enhancements, if any): | Second Degree 2-20 in prison/max $10,000 fine |
| DATE OF OFFENSE: | December 20, 2000 |
| CHARGING INSTRUMENT: | Indictment |
| PLEA TO OFFENSE: | Not Guilty |
| PLEA TO ENHANCEMENT PARAGRAPH(S): | Not Applicable |
| VERDICT FOR OFFENSE: | Guilty |
| FINDING ON ENHANCEMENT: | Not Applicable |
| AFFIRMATIVE FINDING ON DEADLY WEAPON: | Not Applicable |
| OTHER AFFIRMATIVE SPECIAL FINDINGS: | Not Applicable |
| DATE SENTENCE IMPOSED: | May 1, 2003 |
| PUNISHMENT AND PLACE OF CONFINEMENT: | 20 years in the Institutional Division-TDCJ, and a $None fine |
| TIME CREDITED TO SENTENCE: | 06-27-01 to 06-28-01 05-01-03 to Present |
| COURT COSTS: | $237.25 |
| TOTAL AMOUNT OF RESTITUTION: | $None |
| NAME AND ADDRESS FOR RESTITUTION: | |

The **Sex Offender Registration Requirements** under Chapter 62, CCP, **apply** to the Defendant. The age of the victim at the time of the offense was **10 years old**.

This sentence shall run concurrent.

On the date stated above, the above numbered and entitled cause was regularly reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney, as stated above, were also present. Thereupon both sides announced ready for trial, and the Defendant pleaded **not guilty** and a jury, to wit: **Derek Dwight**, and eleven others, was duly selected, impaneled and sworn. Having heard the evidence submitted and having been duly charged by the Court, the jury retired to consider their verdict. Afterward, being brought into open court by the proper officer, the Defendant, the Defendant's attorney, and the State's attorney being present, and being asked if the jury had agreed upon a verdict, the jury answered it had and returned to the Court a verdict, which was read aloud, received by the Court, and is now entered upon the Minutes of the Court as follows:

> **We, the jury, find the defendant, Randy Henderson, guilty of indecency with a child by sexual contact as charged in count six of the indictment.**

Thereupon, the Defendant having previously elected to have the punishment assessed by the jury, pleaded to the enhancement paragraphs, if any, as stated above, and the jury was called back into the box and heard evidence related to the question of punishment. Thereafter, the jury retired to consider such question and, after having deliberated, the jury was brought back into open court by the proper officer, the Defendant, the Defendant's attorney, and the State's attorney being present, and being asked if the jury had agreed upon a verdict, the jury answered it had and returned to the Court a verdict, which was read aloud, received by the Court, and is now entered upon the Minutes of the Court as follows:

> **We, the jury, having found the defendant Randy Henderson, guilty of indecency with a child by sexual contact as charged in count six of the indictment, assess his punishment at confinement for 20 years in the Institutional Division of the Texas Department of Criminal Justice.**

A presentence investigation report was **not required or done**.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded to pronounce sentence upon said Defendant as stated above.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the defendant is guilty of the offense stated above, the punishment is fixed as stated above, and the State of Texas do have and recover of said defendant all court costs in this prosecution expended, for which execution will issue.

It is ORDERED by the Court that the Defendant be taken by the authorized agent of the State of Texas or by the Sheriff of this county and be safely conveyed and delivered to the **Director, Institutional Division-TDCJ**, there to be confined in the manner and for the period aforesaid, and the said defendant is hereby remanded to the custody of the Sheriff of this county until such time as the Sheriff can obey the directions of this sentence.

The defendant is given credit as stated above on this sentence for the time spent in county jail. The Defendant also is ordered to pay restitution to the person(s) named above in the amount specified above.

**Furthermore, the following special findings or orders apply:**

Special DL for Sex Offender: Pursuant to article 42.016, Code of Criminal Procedure, the court orders the Defendant to apply for an original or renewed Texas Driver's License or personal identification certificate not later than 30 days after release from confinement or upon receipt of written notice from the Texas Department of Public Safety (DPS) and to annually renew the license or certificate. In addition, DPS shall place an indication on the Defendant's driver's license or personal identification certificate that the Defendant is subject to the sex offender registration requirements. In addition, the clerk of the court shall send a copy of this order to the DPS and to the Defendant.

Cumulation Order (Art. 42.01, Sec 1(19) CCP): The court orders that the sentence in this conviction shall run consecutively and shall begin only when the judgment and sentence in Count 5 has ceased to operate.

THIS COUNT IS TO RUN CONSECUTIVE WITH COUNT 5 AND IS TO RUN CONCURRENT WITH COUNTS 1, 3, and 4.

Signed on the __10__ day of May, 2003.

_____
Judge Presiding

Randy Henderson                          03-F-_____
NAME                    DPS NUMBER       CAUSE NUMBER

_____      I CERTIFY THAT THE ABOVE CAPTIONED INMATE
             HAS COMMITTED NO SERIOUS ACT OR MISCONDUCT
             WHILE IN MY CUSTODY

_____      I CERTIFY THAT THE ABOVE CAPTIONED INMATE
             COMMITTED SERIOUS ACTS OF MISCONDUCT AS
             FOLLOWS:

INCIDENT                                      DATE




DATES SUBJECT HAS BEEN ARRESTED AND RELEASED ON THE
ABOVE CAUSE NUMBER IN CHRONOLOGICAL ORDER:

IN                          OUT

6-27-01                     6-28-01
5-1-03




_____
TDCJ COORDINATOR
_____ COUNTY SHERIFF DEPARTMENT

THIS FORM SHOULD ACCOMPANY ALL INMATES COMMITMENT
PAPERS TRANSFERRED TO THE TEXAS DEPARTMENT OF
CRIMINAL JUSTICE INSTITUTIONAL DIVISION.

ATT: STATE READY DEPARTMENT

NO. 03F0146-202     - Count 6

This page is attached hereto and made part hereof the judgment in this cause, pursuant to

Article 38.33 of the Texas Code of Criminal Procedures.

*Randy Henderson*
NAME OF DEFENDANT (PRINTED)

SIGNATURE OF DEFENDANT

DEFENDANT'S RIGHT THUMBPRINT



EXHIBIT B - NOTICE OF PAROLE DECISION

# STATE OF TEXAS
## BOARD OF PARDONS AND PAROLES

### NOTICE OF PAROLE PANEL DECISION

DATE: 7-7-14

NAME: HENDERSON, RANDY                    TDCJ-ID #: 1170754
SID #:   04157703
TDCJ-ID UNIT OF ASSIGNMENT: BETO
HOUSING ASSIGNMENT: ROW G-1     CELL: 07

SUBJECT: Decision to grant parole approval on cause number(s)     # 03-F-0146-202
                                                                   COUNTS 3 AND 4

CONSECUTIVE SENTENCE APPROVAL (CU-FI)

After a review of your case, the Board of Pardons and Paroles decision is to grant you parole approval on the above mentioned consecutive cases and has set your next sentence(s) in the series to begin on **3-1-2014**. You have been approved for the reason(s) listed below:

10A.    Begin Next In Series CAUSE # 03-F-0146-202 COUNTS 5 AND 6

The Institutional Division will monitor your treatment plan progress and will report your progress to the Board of Pardons and Paroles.

Should you have any questions regarding this notice you are to contact your unit Institutional Parole Office.

CC: File
    Unit Warden
    Offender

EXHIBIT C - STATE COUNSEL FOR OFFENDERS



# State Counsel for Offenders

### A Division of Texas Department of Criminal Justice

P.O. Box 4005
Huntsville, TX 77342-4005
(936) 437-5203

April 20, 2011

Randy Henderson
TDCJ #1170754
Beto Unit #022

Dear Mr. Henderson:

On 01-20-11 the Records Office discovered an error in your records. The judgment & sentence on Cause #03F0146202 Ct 5 was ordered to run cumulative to Cause #03F0146202 Ct 6. Enclosed is a general information sheet regarding how your sentences are now being calculated. I trust this answers your questions regarding this matter. I am closing your file.

Sincerely,

T.K. Partin
Legal Assistant – Appellate Services
cc:     File

EXHIBIT D - MOTION TO DISMISS

No. 01-F-0374-202

| STATE OF TEXAS | )( | IN THE DISTRICT COURT |
| | )( | |
| VS. | )( | OF |
| | )( | |
| RANDY HENDERSON | )( | BOWIE COUNTY, TEXAS |

FILED FOR RECORD

03 MAY 23 AM 9: 55

BILLY FOX
CLERK DIST. COURT BOWIE CO TX

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her Assistant Criminal District Attorney, and respectfully requests the Court to dismiss the entitled numbered cause against the Defendant, RANDY HENDERSON, in which the Defendant is charged with the offense of INDECENCY WITH A CHILD and for cause would show the Court the following:

Defendant was re-indicted in cause number 03-F-0146-202 and was sentenced to 8 years, 15 years (3 times) and 20 years in the Texas Department of Criminal Justice-Institutional Division. In the interest of justice this case should be dismissed.

WHEREFORE, it is prayed that the above entitled and numbered cause be dismissed.

Respectfully submitted,

NICOLE HABERSANG
ASSISTANT DISTRICT ATTORNEY

## ORDER

The foregoing Motion having been presented to me on this day and the same having been considered, it is therefore, ORDERED, ADJUDGED AND DECREED that the said above entitled and numbered cause be and the same is hereby dismissed against the Defendant, RANDY HENDERSON.

SIGNED THIS 21 DAY OF MAY, 2003.

JUDGE PRESIDING
202nd Judicial District Court
Bowie County, Texas

EXHIBIT E



## State Counsel for Offenders

*A Division of Texas Department of Criminal Justice*
P.O. Box 4005
Huntsville, TX 77342-4005
(936) 437-5203

9/30/2014

Randy Henderson
TDCJ #1170754
Beto Unit (B1/022)

Dear Mr. Henderson:

Your records have been updated. The Board of Pardons and Parole voted on 03/01/2014 to allow Counts 3 & 4 of Cause No. 03-F-0146-202 to "cease to operate". This allowed counts 5(7)6 to begin. With the jail time credit awarded to these to counts, it resulted in sentence begin date of 02/27/2014.

Sincerely,

J. Moore
Legal Assistant Support Manager
Appellate Section

cc: file

EXHIBIT F - JUDGMENT

NO. 03-F-0146-202 (COUNT SEVEN)

FILED FOR RECORD

03 MAY 20 PM 1: 21

| | | |
|---|---|---|
| STATE OF TEXAS | )( | IN THE 202ND JUDICIAL |
| VS. | )( | DISTRICT COURT OF |
| RANDY HENDERSON | )( | BOWIE COUNTY, TEXAS |

## JUDGMENT

The Defendant having been indicted in the above entitled and numbered cause for the felony offense of **AGGRAVATED SEXUAL ASSAULT OF A CHILD**, and this day this cause being called for trial, the State appeared by her Assistant Criminal District Attorney, NICOLE HABERSANG, and the Defendant, RANDY HENDERSON, appeared in person and his counsel, DAVID LASHFORD, also being present, and both parties announced ready for trial, and said Defendant in open Court was duly arraigned and pleaded **NOT GUILTY** to the charge contained in Count Two of the Indictment herein; thereupon a jury, to-wit: Derek Dwight, foreman, and eleven others, was duly selected, impaneled and sworn, who, having heard the indictment read, and the Defendant's plea of not guilty thereto, and having heard the evidence submitted, and having been duly charged by the Court as their duty to determine the guilt or innocence of the Defendant, and after hearing arguments of Counsel, retired in charge of the proper officer to consider to their verdict, and afterward were brought into open Court, by the proper officer, the Defendant and his counsel being present, and in due form of law returned into open Court the following verdict, which was received and accepted by the Court and is here now entered upon the minutes of the Court, to-wit:

### NOT GUILTY
### OF AGGRAVATED SEXUAL ASSAULT OF A CHILD

--------------------------------------------------

**IT IS THEREFORE FOUND AND ADJUDGED BY THE COURT,** that the said Defendant is **NOT GUILTY** of the offense of **AGGRAVATED SEXUAL ASSAULT OF A CHILD** in Count Seven of the Indictment.

BILL PEEK, Judge of the
202nd Judicial District Court
Bowie County, Texas

5-16-03

DATE SIGNED



EXHIBIT G - DISTRICT CLERK'S FILE MARK

Randy Henderson #1170754
George Beto Unit
1391 FM 3328
Tennessee Colony, TX 75880



FILED FOR RECORD

2014 OCT 20 PM 1: 10

BILLY FOX
DISTRICT CLERK BOWIE CO. TX.

*(signature)* Christina Holland

October 15, 2014

Honorable Billy Fox Branson, District Clerk
Courthouse, 710 James Bowie Dr.
P.O. Box 248
New Boston, Texas 75570-0248

RE: Cause No. 03-F-0146-202

Dear Honorable Branson:

Enclosed, please find Motion for Judgment Nunc Pro Tunc Order. Please file stamp this document and bring to the attention of the Court.

Also, please find two originals of this copy letter. Please file stamp and return one (1) to me in the enclosed S.A.S.E.

Thank you very much for your time and attention to this matter.

Sincerely,

*Randy Henderson #1170754*
Randy Henderson, Pro se
TDCJ-CID NO. 1170754
George Beto Unit
1391 FM 3328
Tennessee Colony, Texas 75880

RANDY HENDERSON,               §       IN THE 202ND JUDICIAL

        Appellant,             §

                          §       DISTRICT COURT OF

V.                        §

                          §       BOWIE COUNTY, TEXAS

THE STATE OF TEXAS,           §

        Appellee.              §      HEARING REQUESTING

## MOTION FOR JUDGMENT NUNC PRO TUNC ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Randy Henderson, Appellant, Pro se, Pursuant to Texas Rules of Appellate Procedure, specifically Rule 23.2(a) and (b), files this Motion for Judgment Nunc Pro Tunc Order in the above entitled and numbered cause, and in support would respectfully show:

### I.
### JURISDICTION

    The Court has jurisdiction pursuant to Texas Rules of Appellate Procedure, rule 19.3(a), which invests the trial court with authority to correct clerical errors after expiration of a court's plenary power. "Nunc Pro Tunc order is the proper mode to correct a clerical error, in which no judicial reasoning contributed to their entry, and for some reason were not entered of record at the proper time. See Alvarez v. State, 605 S.W.2d 615 (Tex.Crim. App. 1980); Jenkins v. Jenkins, 16 S.W.3d 473.

### II.
### STATEMENT OF THE CASE

    Appellant appearing before the Honorable Bill Peek, presiding in the 202nd Judicial District Court of Bowie County, Texas on May 1, 2003, having entered a plea of not guilty; sentenced to twenty (20) years in Count Six to run consecutive with Count Five (5), a fifteen (15) year sentence. Count One (1), Three (3) and Four (4) to run concurrent with Count Five (5) and Six (6).

## III.

### CLERICAL ERROR

The Texas Department of Criminal Justice (TDCJ) records reflect that Appellant's time calculation is erroneous, which manifest a clerical error. According to the Inmate Tracking System Commitment Data Form dated January 15, 2014, Appellant's Maximum Expiration date changed from 2023 to 2038 which adds a new fifteen (15) year sentence. This form states, in pertinent: "Due to legal opinion from OGC Counts 5 & 6 will only be stacked to CT 3 & 4." The Judgment of Conviction reflects that 3 & 4 as well as 1 is concurrent to 5 & 6. By stacking this to 5 & 6 adds a new sentence without a judicial proceeding. The State Counsel for Offenders returned count seven (7); not guilty.

Appellant, therefore, seek an order from the Court ordering TDCJ to adjust the inaccuracies and deficiencies in Appellant's records in regards to his sentence.

WHEREFORE PREMISES CONSIDERED, Appellant for reason shown moves the Honorable Court to issue the necessary Court Order ordering that the Texas Department of Criminal Justice records reflect the truth of what actually occurred.

Respectfully submitted,

_Randy Henderson_

Randy Henderson, Pro se

UNSWORN DECLARATION [AFFIDAVIT] OF RANDY HENDERSON
PURSUANT TO CIVIL PRACTICE AND REMEDIES CODE
SECTIONS 132.001-132.003

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

CAUSE NO.

RANDY HENDERSON, Relator

v.

HONORABLE LEON F. PESEK, JR., JUDGE, Respondent

ON APPLICATION FOR A WRIT OF MANDAMUS
CAUSE NO. 03-F-0146-202
FROM BOWIE COUNTY, TEXAS

Unsworn Declaration [Affidavit] of Randy Henderson
Pursuant to Civil Practice and Remedies Code
Sections 132.001-132.003

My name is Randy Henderson. I am over eighteen years of age, of sound mind, capable of making this [affidavit] unsworn declaration, and personally acquainted with the facts herein stated.

1. I was tried in Bowie County. Sentenced to three (3) fifteen year sentences to run concurrent with a stacked twenty (20) year sentence.

2. I filed a Motion for Judgment Nunc Pro Tunc Order, filed stamped on October 20, 2014, regarding the errors induced in my time calculation which contributed to adding another sentence without a judicial proceeding. This is presently having an adverse effect on my parole.

3. I was sentenced in 5 counts of my indictment on May 1, 2003. Count 1, an eight year sentence and count 3, 4 and 5, 15teen years sentences were to run concurrently. Count 5 of the sentence were to run consecutively with count 6, count 6 being a 20ty year sentence, equating to a thirty-five (35)

1

year sentence.

4. The parole board granted me parole on July 7, 2014, in counts three and four to begin counts 5 and 6. A part of the problem is that counts 3, 4, and 5 are concurrent. Therefore, the decision to grant parole should have been on the concurrent counts of 3, 4, and 5. The State Counsel for Offenders acknowledged this on April 20, 2011. Nicole Habersang, Assistant District Attorney, also acknowledged this in her Motion to Dismiss filed on May 21, 2003.

5. When the parole board granted me parole in counts 3 and 4 to start 5 and 6, the 5th count was stacked to 3 and 4. Counts 3, 4 and 5 should have been together as "ceasing to operate," and 6 was to start. When this occurred, a 15teen year sentence was added.

6. The State Counsel for Offenders, on September 30, 2014, response to my letter was contrary to their April 20, 2011 response. In their September letter, they stated that count 3 and 4 "cease to operate." They then added that counts 5, 7 and 6 were to begin. I was found not guilty in count 7. The State Counsel for Offenders then added that my sentence begin date at February 27, 2014.

7. I filed an original mandamus in the Sixth Court of Appeals at Texarkana, Appellate Cause Number 06-15-00034-CR, regarding the Motion for Judgment Nunc Pro Tunc Order I filed on October 20, 2014. The Sixth Court of Appeals denied my mandamus on March 10, 2015, although they acknowledged, with authority, that the "trial court abuses discretion by refusing to conduct hearing and render decision on motion."

8. The Sixth Court of Appeals misapplied the law by stating "...this Court cannot instruct the trial court how to rule." I never sought the Sixth Court of Appeals to "instruct the trial Court how to rule." I merely sought the Sixth Court of Appeals to order the trial court to afford me "Due Process" regarding my Motion for Judgment Nunc Pro Tunc Order.

My name is Randy Henderson, my date of birth is August 27, 1964, and my inmate identifying number, is 1170754. I am presently incarcerated in the George Beto Unit in Tennessee Colony, Anderson County, Texas 75880. I declare

2

under the penalty of perjury that the foregoing is true and correct.

Executed on the ____28___ day of _____July_____, A.D. 2015.

_____Rowdy Henderson_ 1170454_____
AFFIANT