

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00038-CR

---

IN RE RANDALL GREENOUGH

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# M E M O R A N D U M   O P I N I O N

Randall Greenough has petitioned this Court for mandamus relief. Greenough asks us to compel the trial court to rule on motions Greenough claims to have filed in the trial court.[1]

## I.       Standard of Review

We may grant a petition for writ of mandamus when the relator shows there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam). In proper cases, mandamus may issue to compel a trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also Eli Lily & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam) (trial court abuses discretion by refusing to conduct hearing and render decision on motion); *Chiles v. Schuble*, 788 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (mandamus appropriate remedy to require trial court to hold hearing and exercise discretion). Trial courts are not required to consider or rule on a motion unless the motion is called to the court's attention. *See Blakeney*, 254 S.W.3d at 662.

## II.      The Record is Inadequate to Warrant Relief

Greenough's petition is not accompanied by any proof that he brought this matter to the attention of the trial court. *See* TEX. R. APP. P. 52.3(k)(1). He has included copies of motions

---

[1]Greenough's prayer asks this Court to "grant this mandamus and order the [trial court] to unseal and redact his trial records . . . ." We may, where appropriate, direct a trial court to rule on a motion after a reasonable time, but this Court cannot instruct the trial court how to rule.

requesting his trial record be unsealed and redacted.[2]  However, the copies do not bear a stamp showing that the motions were filed with the trial court, much less brought to the attention of the court.  Therefore, we are unable to determine if these matters have been brought to the trial court's attention or whether the trial court has had a reasonable time in which to rule on Greenough's motions.  It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief.  *See* TEX. R. APP. P. 33.1(a), 52.3(k)(1)(A), 52.7(a)(1).  Here, the record is inadequate to grant mandamus relief.

Accordingly, we deny Greenough's petition for writ of mandamus.

Ralph K. Burgess
Justice

Date Submitted:     March 19, 2019
Date Decided:       March 20, 2019

Do Not Publish

---

[2]Greenough was convicted of four charges of aggravated sexual assault of a child and two charges of indecency with a child by contact.  We affirmed three of the aggravated sexual assault convictions and both the indecency with a child convictions.  *See Greenough v. State*, No. 06-18-00019-CR, 2018 WL 3404218 (Tex. App.—Texarkana July 13, 2018, pet. ref'd) (mem. op., not designated for publication); *Greenough v. State*, No. 06-18-00020-CR, 2018 WL 3404240 (Tex. App.—Texarkana July 13, 2018, pet. ref'd) (mem. op., not designated for publication); *Greenough v. State*, No. 06-18-00021-CR, 2018 WL 3404261 (Tex. App.—Texarkana July 13, 2018, pet. ref'd) (mem. op., not designated for publication); *Greenough v. State*, No. 06-18-00022-CR, 2018 WL 3404272 (Tex. App.—Texarkana July 13, 2018, pet. ref'd) (mem. op., not designated for publication); *Greenough v. State*, No. 06-18-00023-CR, 2018 WL 3400794 (Tex. App.—Texarkana July 13, 2018, pet. ref'd) (mem. op., not designated for publication); *Greenough v. State*, No. 06-18-00024-CR, 2018 WL 3404298 (Tex. App.—Texarkana July 13, 2018, pet. ref'd) (mem. op., not designated for publication).